IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| X CORP., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 7:24-cv-00114-K |
| WORLD FEDERATION OF ADVERTISERS; MARS, INCORPORATED; CVS HEALTH CORPORATION; and ØRSTED A/S, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT WORLD FEDERATION OF
ADVERTISERS' NOTICE OF RELATED CASE[1]**

Pursuant to Local Rule 3.3,[2] Defendant World Federation of Advertisers ("WFA") hereby gives notice that Civil Action No. 7:24-CV-115-K, styled *Rumble, Inc., et al. v. World Federation of Advertisers, et al.* (the "Rumble Case"), in the United States District Court for the Northern District of Texas, Wichita Falls Division, is a "related case" to the above-captioned case under

---

[1] By filing this Notice of Related Case, WFA is not waiving any of its available defenses, including any of its defenses that will be presented in the context of future FED. R. CIV. P. 12(b) motions.

[2] Under Local Rule 3.3, it is either (a) the plaintiff's or (b) the *removing* defendant's obligation to certify whether there is or is not a related case at the time of filing the complaint or notice of removal. LR 3.3(a) ("When a plaintiff files a complaint and there is a related case, . . . the complaint must be accompanied by a notice of related case."); LR 81.1(a)(3) ("The party or parties that remove a civil action from state court must provide the following to the clerk for filing: . . . if there is a 'related case,' . . . a notice of related case . . . ."); LR 3.3(c) ("A plaintiff who does not file a notice of related case under LR 3.3(a), and a removing party who does not file a notice of related case under LR 81.1(a)(3), certifies that there is no related case, as defined in LR 3.3(b), to the case being filed or removed."). Here, though Local Rule 3.3 technically does not apply to WFA, out of an abundance of caution, WFA is submitting this notice consistent with the purposes of Local Rule 3.3.

Local Rule 3.3(b)(3). The Honorable Ed Kinkeade is currently presiding over the related Rumble Case, which is still pending.[3]

                Respectfully submitted,

                By: */s/ David C. Miller*
                **David C. Miller**
                Texas Bar No. 24110114
                dmiller@bradley.com
                **William S. Snyder**
                State Bar No. 00786250
                wsnyder@bradley.com
                **Samuel T. Acker**
                Texas Bar No. 24100111
                sacker@bradley.com

                **BRADLEY ARANT BOULT CUMMINGS LLP**

                1445 Ross Avenue, Suite 3600
                Dallas, TX 75202
                Telephone: (214) 257-9800
                Facsimile: (214) 939-8787

                **Charles E. Elder** (*pro hac vice*)
                Tennessee Bar No. 038250
                celder@bradley.com

                **BRADLEY ARANT BOULT CUMMINGS LLP**

                1221 Broadway, Suite 2400
                Nashville, TN 37203
                Telephone: (615) 252-3597
                Facsimile: (615) 252-6380

                **ATTORNEYS FOR DEFENDANT**
                **WORLD FEDERATION OF ADVERTISERS**

---

[3] Of specific relevance, WFA would note that Defendant Rumble, Inc. (from the Rumble Case) has already taken the position that its case is related to the instant case. *See* **Exhibit A** (Rumble press release describing how "it has joined the social media platform X to file antitrust lawsuits alleging a conspiracy to withhold advertising revenue from Rumble and other digital media platforms" and including access to its original complaint) (available at https://corp.rumble.com/blog/rumble-joins-x-to-sue-advertising-cartel-that-allegedly-conspired-to-withhold-digital-advertising-revenue/).

## **CERTIFICATE OF SERVICE**

I certify that on October 11, 2024, the foregoing document was served, via the Court's CM/ECF Document Filing System, upon the registered CM/ECF users in this action.

*/s/ David C. Miller*
David C. Miller
