IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| X CORP., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 7:24-CV-00114-B |
| | § | |
| WORLD FEDERATION OF ADVERTISERS; MARS, INCORPORATED; CVS HEALTH CORPORATION; ØRSTED A/S; TWITCH INTERACTIVE, INC.; NESTLÉ S.A.; NESTLE USA, INC.; ABBOTT LABORATORIES; COLGATE-PALMOLIVE COMPANY; LEGO A/S; LEGO BRAND RETAIL, INC.; PINTEREST, INC.; TYSON FOODS, INC.; SHELL PLC; SHELL USA, INC.; and SHELL BRANDS INTERNATIONAL AG, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' UNOPPOSED MOTION TO EXTEND PAGE LIMITS

TO THE HONORABLE JANE BOYLE, UNTIED STATES DISTRICT JUDGE:

Defendants World Federation of Advertisers ("WFA"); Mars, Incorporated ("Mars"); CVS Health Corporation ("CVS"); Ørsted A/S ("Ørsted"), and Pinterest, Inc. (collectively, the "Defendants," and with Plaintiff X Corp. ("Plaintiff"), the "Parties") file this Unopposed Motion to Extend Page Limits and respectfully request that the Court grant leave for Defendants to file a fifty-page brief in support of a consolidated Rule 12(b)(6) motion.

**PROCEDURAL BACKGROUND**

1. On August 6, 2024, Plaintiff filed this action alleging antitrust claims under Section 1 of the Sherman Antitrust Act against Defendants. (Doc. No. 1). On November 18, 2024, Plaintiff filed its First Amended Complaint, which among other things, added Twitch Interactive Inc. as a defendant. (Doc. No. 62). On February 6, 2025, the Court granted Plaintiff leave to file a Second Amended Complaint. (Doc. No. 76). The same day, Plaintiff filed its Second Amended Complaint and added additional defendants, naming a total of sixteen defendants. (Doc. No. 77). Several of the newly added defendants are foreign companies and, as of yet, have not been served or entered an appearance. On February 27, 2025, the parties filed a Joint Motion to Implement Joint Briefing Schedule to establish the deadline to answer or otherwise respond to Plaintiff's Second Amended Complaint for all defendants that are "either: (1) served with the Second Amended Complaint by April 23, 2025; or (2) requested by Plaintiff to waive[] service by March 15, 2025, and [that] have agreed to waive service." (Doc. No. 91). On March 4, 2025, the Court granted the Joint Motion to Implement Briefing Schedule and entered an Order that the parties subject to the schedule answer or otherwise respond by May 14, 2025, with Plaintiff's response due by July 14, 2025, and any reply briefs due by September 12, 2025. (Doc. No. 92).

**REQUESTED RELIEF**

2. Because of the significance and complexity of the matters at issue, it is more efficient for the Court and the Parties to submit a single, consolidated Rule 12(b)(6) motion and brief on behalf of all Defendants.[1] While Local Rule 7.2 provides a general briefing limitation of

---

[1] In addition to this single 12(b)(6) motion and brief, Defendants anticipate that six of the sixteen defendants who have been named in Plaintiff's Second Amended Complaint will file individualized Rule 12 motions challenging personal jurisdiction and venue. Those that file such motions will limit these motions to twenty pages, five pages below the per-brief limit of Local Rule 7.2. *See Nationwide Bi-Weekly Admin., Inc. v. Belo Corp.*, 512 F.3d 137, 141 (5th Cir. 2007)

twenty-five pages, if Defendants (and those that may become subject to the Court's March 4, 2025 Order) brief the 12(b)(6) issues in a single submission, then they require additional pages to ensure both the joint and individualized issues are fully presented to the Court. After conferring with Plaintiff, Defendants respectfully request the Court enlarge the page limit for the brief in support of Defendants' 12(b)(6) motion to fifty pages. Plaintiff is unopposed to the requested additional pages.

3. This relief will not prejudice any party and will benefit the Court. Rather than reviewing and ruling on up to fifteen[2] Rule 12(b)(6) motions (with up to an additional 375 pages of briefing pending successful service on the remaining entities), the Defendants' proposal limits submissions to a single fifty-page Rule 12(b)(6) brief.[3]

WHEREFORE, the Defendants respectfully request the motion be granted and the Court enter an order permitting Defendants (including all new defendants who are subject to the current briefing schedule either because they were served with the Second Amended Complaint on or

---

("Nationwide argues that Belo failed to consolidate its personal jurisdiction and statute of limitations defenses in the same Rule 12(b) motion. However, Rule 12(g) did not require consolidation here because Rule 12(h)(2) explicitly excepts from the consolidation requirement motions based on the defense of failure to state a claim."); *Doe v. Columbia-Brazoria Indep. Sch. Dist. By & through Bd. of Trustees*, 855 F.3d 681, 686 (5th Cir. 2017) ("We have previously held that Rule 12(g) does not require consolidation of defenses raised in a second 12(b)(6) motion."); *see also Jones v. Greninger*, 188 F.3d 322, 324, 327 n.4 (5th Cir. 1999). Recognizing the defendant-specific and fact-specific nature of these arguments, consolidation of all jurisdictional and venue facts and arguments into one brief would not result in more efficient briefing. *See Allstate Ins. Co. v. Interline Brands, Inc.*, 997 F. Supp. 2d 501, 507 n.4 (N.D. Tex 2014) (Boyle, J.) (explaining how the Court gave "no consideration" to facts about defendant's parent entity in context of jurisdictional motion, as those facts about a "separate and distinct corporate entit[y]" have no significance in the jurisdictional analysis (citation omitted)).

[2] While sixteen named Defendants remain in the case, Plaintiff and Twitch Interactive, Inc. have requested a stay as to Twitch pending resolution of a settlement agreement. (Doc. No. 93).

[3] At this time, the Court's deadline for new parties to be served and subject to the current briefing schedule has yet to pass. As such, it is unclear how many defendants would file a responsive pleading by the May 14, 2025, deadline.

before April 23, 2025, or they waived service of the Second Amended Complaint on or before March 15, 2025) to file a consolidated Rule 12(b)(6) motion with a brief in support of up to fifty pages.

Dated: April 9, 2025

        */s/ George M. Kryder*
        Jason M. Powers
          Texas Bar No. 24007867
          jpowers@velaw.com
        VINSON & ELKINS LLP
        845 Texas Ave., Suite 4700
        Houston, TX 77002
        Phone (713) 758-2222

        George M. Kryder
          Texas Bar No. 11742900
          gkryder@velaw.com
        Avery Westerlund
          State Bar No. 24125453
          awesterlund@velaw.com
        VINSON & ELKINS LLP
        2001 Ross Avenue, Suite 3900
        Dallas, TX 75201-2975
        Phone (214) 220-7700

        Stephen Medlock (admitted *pro hac vice*)
          D.C. Bar No. 995636
          smedlock@velaw.com
        Adam Hudes (admitted *pro hac vice*)
          D.C. Bar No. 495188
          ahudes@velaw.com
        VINSON & ELKINS LLP
        2200 Pennsylvania Avenue NW
        Suite 500 West
        Washington, DC 20037
        Phone: (202) 639-6578

        *Attorneys for Defendant Ørsted A/S*

*/s/ C. Jason Fenton*
Jonathan Bradley Pitt (admitted *pro hac vice*)
  jpitt@wc.com
Nicholas G. Gamse (admitted *pro hac vice*)
  ngamse@wc.com
Kimberly Broecker (admitted *pro hac vice*)
  kbroecker@wc.com
WILLIAMS & CONNOLLY LLP
680 Maine Avenue SW
Washington, DC 20024
Phone: (202) 434-5000

Thomas C. Riney
  Texas Bar No. 16935100)
  tom.riney@uw.com
C. Jason Fenton
  Texas Bar No. 24087505)
  jason.fenton@uwlaw.com
UNDERWOOD LAW FIRM, P.C.
500 S. Taylor, Suite 1200
Amarillo, TX 79101
Phone: (806) 379-5613

Brad R. Timms
  Texas Bar No. 24088535
  brad.timms@uwlaw.com
UNDERWOOD LAW FIRM, P.C.
600 Bailey Ave., Suite 200
Fort Worth, TX 76107
Phone: (817) 885-7529

*Attorneys for Defendant CVS Health Corporation*

5

*/s/ Ralph H. Duggins*
Karen Hoffman Lent (admitted *pro hac vice*)
  karen.lent@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Manhattan West
New York, NY 10001
Phone: (212) 735-3276

Noelle M. Reed
  State Bar No. 24044211
  noelle.reed@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
1000 Louisiana Street, Suite 6800
Houston, TX 77002
Phone: (713) 655-5122

Ralph H. Duggins
  State Bar No. 06183700
  rduggins@canteyhanger.com
Philip Vickers
  State Bar No. 24051699
  pvickers@canteyhanger.com
Kate Hancock
  State Bar No. 24106048
  khancock@canteyhanger.com
CANTEY HANGER LLP
600 West 6th Street, Suite 300
Fort Worth, TX 76102
Phone: (817) 877-2800

*Attorneys for Defendant Mars, Incorporated*

/s/ David C. Miller
David C. Miller
  Texas Bar No. 24110114
  dmiller@bradley.com
William S. Snyder
  Texas Bar No. 00786250
  wsnyder@bradley.com
Samuel T. Acker
  Texas Bar No. 24100111
  sacker@bradley.com
BRADLEY ARANT BOULT CUMMINGS LLP
Fountain Place
1445 Ross Ave., Suite 3600
Dallas, TX 75202
Phone: (214) 597-9800
Fax: (214) 939-8787

Charles E. Elder (admitted *pro hac vice*)
  Tennessee Bar No. 038250
  celder@bradley.com
BRADLEY ARANT BOULT CUMMINGS LLP
1221 Broadway, Suite 2400
Nashville, TN 37203
Phone: (615) 252-3597
Fax: (615) 252-6380

*Attorneys for Defendant World Federation of Advertisers*

*/s/ Brian E. Robison*
Brian E. Robison
  State Bar No. 00794547
  brian@brownfoxlaw.com
Michael L. Baum
  State Bar No. 24006815
  mbaum@brownfoxlaw.com
Paulette C. Miniter
  State Bar No. 24075153
  paulette@brownfoxlaw.com
C. Alan Carrillo
  State Bar No. 24109693
  alan@brownfoxlaw.com
Farwa Zahra
  State Bar No. 24134610
  farwa@brownfoxlaw.com
BROWN FOX PLLC
8111 Preston Road, Suite 300
Dallas, Texas 75225
Telephone: (214) 327-5000
Facsimile: (214) 327-5001

*Attorneys for Defendant Pinterest, Inc.*

## CERTIFICATE OF CONFERENCE

I hereby certify that on April 7, 2025, I conferred with counsel for X Corp. who stated Plaintiff is unopposed to the relief sought in this motion.

<i>/s/ Jason M. Powers</i>

## CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel and parties of record registered to receive such notices.

<i>/s/ C. Jason Fenton</i>