# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| X CORP., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | No. 7:24-cv-00114-O |
| | § | |
| WORLD FEDERATION OF ADVERTISERS; | § | |
| MARS, INCORPORATED; | § | |
| CVS HEALTH CORPORATION; | § | |
| ØRSTED A/S; | § | |
| TWITCH INTERACTIVE, INC. | § | |
| NESTLÉ S.A.; NESTLE USA, INC.; | § | |
| ABBOTT LABORATORIES; | § | |
| COLGATE-PALMOLIVE COMPANY; | § | |
| LEGO A/S; LEGO BRAND RETAIL, INC.; | § | |
| PINTEREST, INC.; | § | |
| TYSON FOODS, INC.; | § | |
| SHELL PLC; SHELL USA, INC.; AND | § | |
| SHELL BRANDS INTERNATIONAL AG, | § | |
| | § | |
| *Defendants*. | § | |

## DECLARATION OF INGRID REUMERT IN SUPPORT OF ØRSTED A/S'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

I, Ingrid Reumert, declare and state as follows:

1. I am employed as Senior Vice President of Ørsted Services A/S and have held this position since May 2022. I am responsible for Global Stakeholder Relations. Ørsted Services A/S is a subsidiary of Ørsted A/S and is based in Skarbaek, Denmark. I work primarily from Ørsted's corporate offices in Copenhagen, Denmark, where I also reside.

2. The information contained in this declaration is based on my own personal knowledge, my review of reasonably available documents prepared and/or maintained by Ørsted A/S in the ordinary course of business and upon information provided to me by employees responsible for and with knowledge of the business and accounting records of Ørsted A/S. I can

1

competently testify that to the best of my knowledge and belief the matters set forth herein are true.

3. Ørsted A/S is a Danish corporation formed and organized under the laws of Denmark. Ørsted A/S is the ultimate Ørsted parent company.

4. Ørsted A/S has its principal place of business in Fredericia, Denmark.

5. Ørsted A/S has its own separate board of directors.

6. Ørsted A/S is not registered or otherwise licensed to do business in the United States.

7. Ørsted A/S does not have any offices, manufacturing plants, research facilities, post office boxes, mailing addresses, telephone listings, or bank accounts in the United States.

8. Ørsted A/S has no officers, directors, or employees residing in the United States.

9. Ørsted A/S does not own or lease any real property in the United States.

10. Ørsted A/S does not pay taxes in the United States.

11. Ørsted A/S maintains its own corporate records and financial statements.

12. The books and records of Ørsted A/S are kept outside of the United States.

13. Ørsted A/S's corporate officers make the decisions governing the company's day-to-day operations.

14. The wind farms referenced in paragraph 13 of Plaintiff's complaint are owned by Western Trail Wind, LLC and Lockett Windfarm LLC.

15. These entities are partially owned, indirect subsidiaries of Orsted Onshore North America, LLC. This entity is a wholly owned subsidiary of Orsted Renewables N.A. LLC, which is a wholly owned subsidiary of Orsted Holdings N.A. Inc.

16. Orsted Holdings N.A. Inc. is a wholly owned subsidiary of Ørsted North America

Holding A/S, which is a wholly owned subsidiary of Ørsted Wind Power Holding A/S.

17. Ørsted Wind Power Holdings A/S is a wholly owned subsidiary of Ørsted A/S.

18. Ørsted A/S is not involved in the day-to-day decisions of Ørsted Wind Power Holdings A/S, Ørsted North America Holding A/S, Orsted Holdings N.A. Inc., Orsted Renewables N.A. LLC, Orsted Onshore North America, LLC, Western Trail Wind, LLC, Lockett Windfarm LLC or any other U.S.-based Ørsted company.

19. Ørsted A/S does not conduct or pay for any advertising or marketing activities in the United States.

20. Ørsted A/S employees did not participate in the World Federation of Advertisers' activities or in the activities of its subcommittees, such as the Global Alliance for Responsible Media.

21. I have reviewed unredacted copies of the emails cited in the Second Amended Complaint. None of the individuals who sent the emails, received the emails or were otherwise mentioned in the emails worked for Ørsted A/S. Instead, those individuals worked for other Ørsted affiliate companies.

3

22. Ørsted A/S was not responsible for a determination by any Ørsted company to stop advertising on the Twitter or X platform.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on May 13, 2025.

_____
Ingrid Reumert    Copenhagen 13/5 - 2025

4