# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### WICHITA FALLS DIVISION

| | | |
|---|---|---|
| **X CORP.** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **WORLD FEDERATION OF** | § | |
| **ADVERTISERS; MARS, INCORPORATED;** | § | **CASE NO. 7:24-CV-00114-B** |
| **CVS HEALTH CORPORATION; ØRSTED** | § | |
| **A/S; TWITCH INTERACTIVE, INC.;** | § | |
| **NESTLÉ S.A.; NESTLE USA, INC.;** | § | |
| **ABBOTT LABORATORIES; COLGATE** | § | |
| **PALMOLIVE COMPANY; LEGO A/S;** | § | |
| **LEGO BRAND RETAIL, INC.; PINTEREST,** | § | |
| **INC; TYSON FOODS, INC.; SHELL PLC;** | § | |
| **SHELL USA, INC.; and SHELL BRANDS** | § | |
| **INTERNATIONAL AG,** | § | |
| | § | |
| **Defendants.** | § | |

### DEFENDANTS SHELL BRANDS INTERNATIONAL AG, NESTLÉ S.A., AND LEGO A/S'S BRIEF IN SUPPORT OF AMENDED CONDITIONAL MOTION FOR SEVERANCE

**TABLE OF CONTENTS**

PAGE

I.  ARGUMENT ................................................................................................................. 2

    A.  SBI, Nestlé S.A., and LEGO A/S Cannot Be Transferred Under Section 1404(a)
        When They Are Not Subject To Venue In The Northern District of Texas. ................ 3

    B.  SBI, Nestlé S.A., and LEGO A/S Cannot Be Transferred Under Section 1404(a)
        Because They Are Not Subject to Personal Jurisdiction In The Transferee Forum. ..... 5

    C.  Fifth Circuit Precedent Supports Severance and Partial Transfer of the MTT
        Defendants If The Court Does Not First Resolve The Pending Motions to Dismiss. .. 8

II. CONCLUSION .............................................................................................................. 11

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Anaya v. South-West Dist. of Bible Mission. Church*,
    570 F. Supp. 2d 881 (E.D. Tex. 2005)................................................................3, 4

*Balthasar Online, Inc. v. Network Solutions, LLC*,
    654 F. Supp. 2d 546 (E.D. Tex. 2009)................................................................5

*Daimler AG v. Bauman*,
    571 U.S. 117 (2014)................................................................6

*DDC Technology v. Google*,
    3:22-cv-1263, 2023 WL 2518846 (N.D. Tex. Mar. 4, 2023) ...........................9, 10

*Def. Distributed v. Bruck*,
    30 F.4th 414 (5th Cir. 2022) ................................................................9, 10

*Douglass v. Nippon Yusen Kabushiki Kaisha*,
    46 F.4th 226 (5th Cir. 2022) (*en banc*) ................................................................6

*Ellis v. Great Southwestern Corp.*,
    646 F.2d 1099 (5th Cir. 1981) ................................................................2

*Frederick v. Advanced Financial Solutions, Inc.*,
    558 F. Supp. 2d 699 (E.D. Tex. 2007)................................................................3

*Houston Trial Reports, Inc. v. LRP Publications, Inc.*,
    85 F. Supp. 2d 663 (S.D. Tex. 1999) ................................................................3, 4

*Liaw Su Teng v. Skaarup Shipping Corp.*,
    743 F.2d 1140 (5th Cir. 1984) ................................................................5, 9

*In re Nintendo Co.*,
    544 F. App'x 934 (Fed. Cir. 2013) ................................................................10

*Pugh v. Arrow Electronics, Inc.*,
    304 F. Supp. 2d 890 (N.D. Tex. 2003) ................................................................2

*QR Spex, Inc. v. Motorola, Inc.*,
    507 F. Supp. 2d 650 (E.D. Tex. 2007)................................................................2, 8

*Sanders, O'Hanlon & Motley v. Chicago Ins. Co.*,
    558 F. Supp. 2d 686 (E.D. Tex. 2006)................................................................3

*U.S. Ethernet Innovations, LLC v. Acer, Inc.*
    6:09–cv–448, 2010 WL 2771842 (E.D. Tex. July 3, 2010)................................................................6

*UOP LLC and UOP Russell LLC v. Exterran Energy Solutions*,
    No. MO:20-cv-233, 2021 WL 4096560 (W.D. Tex. Aug. 26, 2021)....................................3, 4

*VeroBlue Farms USA, Inc. v. Wulf,*
  465 F. Supp. 3d 633 (N.D. Tex. 2020) ...............................................................2, 8

**Rules and Statutes**

15 U.S.C. § 22.................................................................................................................4

28 U.S.C. §1391.............................................................................................................4

28 U.S.C. § 1404(a) ............................................................................................... *passim*

28 U.S.C. § 1406(a) ...............................................................................................2, 3, 4

Rule 21 of the Federal Rules of Civil Procedure .........................................................1

**Other Authorities**

15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal
  Practice and Procedure §§ 3827, 3845 (5th ed. 2023) .........................................2

Defendants Mars, Inc., CVS Health Corp., Nestle USA, Inc., Abbott Laboratories, Colgate Palmolive Co., LEGO Brand Retail, Inc., and Pinterest, Inc. (hereinafter, the "MTT Defendants") moved to transfer this case to the Southern District of New York under 28 U.S.C. § 1404(a) ("Section 1404(a)"). Dkt. 178. But Shell Brands International AG's ("SBI"), Nestlé S.A.'s, and LEGO A/S's pending motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) and 12(b)(3) clearly establish that this Court lacks venue over these parties and that they are not amenable to personal jurisdiction anywhere in the United States. *See* Dkt. 139, 142, 145, & 163. Therefore, SBI, Nestlé S.A., and LEGO A/S formally request their severance from any transfer of this matter pursuant to Rule 21 of the Federal Rules of Civil Procedure because none of these parties were properly sued in this District, nor could any of them have been sued in the Southern District of New York.[1]

This request for severance is made conditionally in light of the different options we understand are available to the Court to effect a proper transfer under Section 1404(a), when the Court lacks the power to transfer the **entire** case to the Southern District of New York without either a dismissal or severance of SBI, Nestlé S.A., and LEGO A/S. Specifically, a severance would only be necessary if the Court determines that it will undertake the transfer analysis without first ruling on these parties' pending motions to dismiss. We believe this approach would necessitate a severance because SBI, Nestlé S.A., and LEGO A/S were not properly sued in this District and none of these parties could have been sued in the Southern District of New York. Of course, if the Court grants the pending jurisdictional motions filed by SBI, Nestlé S.A., and LEGO

---

[1] This Brief in Support of Amended Conditional Motion for Severance is filed subject to and without waiver of the personal jurisdiction and improper venue motions previously filed. *See* Dkt. 142 (Shell Brands International AG's Mot. to Dismiss), 145 (LEGO A/S's Mot. to Dismiss), & 163 (Nestlé S.A.'s Mot. to Dismiss). The arguments and relief requested herein apply equally to the requested transfer to the Southern District of New York, or alternatively, to the Dallas Division.

A/S on the grounds that none of these Defendants are subject to personal jurisdiction anywhere in the United States, there would be no need to sever X's claims against them prior to transferring this case to the Southern District of New York.

## I.    ARGUMENT

SBI, Nestlé S.A., and LEGO A/S request to be either dismissed or severed from the case before the Court rules on the pending motion to transfer under 28 U.S.C. § 1404(a), Dkt. 178.  If the Court first decides and grants SBI's, Nestlé S.A.'s, and LEGO A/S's motions to dismiss, Dkt. 142, 145 & 163, the request made by this Motion is moot.[2]  For two reasons, Section 1404(a) bars the Court from transferring these three Defendants:  **First**, the Court cannot transfer SBI, Nestlé S.A., and LEGO A/S under Section 1404(a) because it lacks proper venue over the claims brought against them.  **Second**, the Court does not have the power to transfer when the case could not have been brought against SBI, Nestlé S.A., and LEGO A/S in the Southern District of New York.[3]

---

[2] It is well within the Court's discretion to resolve the personal jurisdiction motions before addressing transfer.  Doing so would clarify which Defendants belong in the case, and as explained more fully herein, would ensure that the Court has the statutory authority to effect a transfer.  This approach is consistent with established precedent.  *See, e.g.*, *VeroBlue Farms USA, Inc. v. Wulf*, 465 F. Supp. 3d 633, 676 (N.D. Tex. 2020) (Starr, J.) (dismissing certain defendants for lack of personal jurisdiction and transferring case against one of the remaining defendants); *QR Spex, Inc. v. Motorola, Inc.*, 507 F. Supp. 2d 650, 668 (E.D. Tex. 2007) (same).  If the Court grants the pending jurisdictional motions on the grounds that SBI, Nestlé, S.A., and LEGO A/S are not subject to personal jurisdiction anywhere in the United States, the Court simply may dismiss SBI, Nestlé S.A., and LEGO A/S from the case and then proceed to transfer the remaining Defendants.

[3] The same defect (lack of personal jurisdiction in the transferee court) would apply to a requested or *sua sponte* transfer under 28 U.S.C. § 1406(a) as well. *See Ellis v. Great Southwestern Corp.*, 646 F.2d 1099, 1107 (5th Cir. 1981) ("[I]t remains the rule in this circuit that a transfer to a district in which personal jurisdiction over the defendant can be obtained may properly be made under either section 1404(a) or section 1406(a)."); *Pugh v. Arrow Electronics, Inc.*, 304 F. Supp. 2d 890, 896 (N.D. Tex. 2003) ("28 U.S.C. § 1406(a)] has been interpreted to require that the transferee court have subject-matter jurisdiction, that it be a proper venue, and that the defendant be subject to personal jurisdiction and service there."); *see also generally* 15 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE §§ 3827, 3845 (5th ed. 2023).

Either one of these impediments requires that the Court first either dismiss or sever SBI, Nestlé S.A., and LEGO A/S from the case before it can properly transfer X's claims against the remaining Defendants to the Southern District of New York.

It is clear that both "threshold conditions for transfer under 28 U.S.C. § 1404(a)" must be met for transfer "to be proper." *Houston Trial Reports, Inc. v. LRP Publications, Inc.*, 85 F. Supp. 2d 663, 667 fn. 1 (S.D. Tex. 1999) (Rosenthal, J.); *see Anaya v. South-West Dist. of Bible Mission. Church*, 570 F. Supp. 2d 881, 884 (E.D. Tex. 2005) ("First, venue must be proper in the transferor court. Second, the transferee court must be a 'district or division where the case to be transferred might have been brought.'") (*citing Houston Trial Reports*); *Frederick v. Advanced Financial Solutions, Inc*., 558 F. Supp. 2d 699, 703 (E.D. Tex. 2007) (same); *Sanders, O'Hanlon & Motley v. Chicago Ins. Co.*, 558 F. Supp. 2d 686, 689 (E.D. Tex. 2006) (same); *see also UOP LLC and UOP Russell LLC v. Exterran Energy Solutions,* No. MO:20-cv-233, 2021 WL 4096560, at *2 (W.D. Tex. Aug. 26, 2021) (determining that, because venue was improper in the transferor court, the proper transfer vehicle was Section 1406(a), not Section 1404(a), and transferring case to the Southern District of Texas only after concluding that the case could have been brought against the defendants in the Southern District of Texas).  Neither condition is met here unless SBI, Nestlé S.A., and LEGO A/S are first dismissed or severed from the case.

A.    **SBI, Nestlé S.A., and LEGO A/S Cannot Be Transferred Under Section 1404(a) When They Are Not Subject To Venue In The Northern District of Texas.**

If the Court takes up the motion to transfer, Dkt. 178, without having dismissed SBI, Nestlé S.A., and LEGO A/S from the case, the Court should sever those three Defendants from the case before it transfers the case against the other Defendants to the Southern District of New York because a transfer of SBI, Nestlé S.A., and LEGO A/S is not authorized under Section 1404(a) when venue does not lie in this Court over the claims asserted against them.

A Section 1404(a) transfer is plainly not permitted where the original court lacks proper venue over claims asserted against specific defendants. *Houston Trial Reports*, 85 F. Supp. 2d at 667 n.1. SBI has moved to dismiss under Rule 12(b)(3) for improper venue, Dkt. 142, and Nestlé S.A. and LEGO A/S moved to dismiss for lack of personal jurisdiction, explaining that venue anywhere in Texas is improper. Dkt. 164 at 12-13 & Dkt. 146 at 13-16. Because venue does not and cannot lay in this District with respect to SBI, Nestlé S.A., and LEGO A/S, a Section 1404(a) transfer would not even be available to these parties, and application of Section 1404(a) would be improper.

The lack of proper venue is both consequential and dispositive here. Section 1404(a) presumes that venue in the original forum is proper, but a case will nevertheless be more conveniently and appropriately heard before another court. The unavailability of a Section 1404(a) transfer where the transferor court lacks proper venue was addressed in *UOP LLC*, 2021 WL 4096560, at *2:

> District courts are authorized to transfer venue under both 28 U.S.C. §§ 1404(a) and 1406. The determination of whether § 1406 or § 1404(a) applies turns on whether venue is proper in the court in which the suit was originally filed. If venue is improper in that court, then § 1406 or Rule 12(b)(3) applies. If venue is proper in that court, then § 1404(a) applies.

Stated differently, 28 U.S.C. § 1404(a) is available and applies only when a plaintiff's chosen venue is proper, but transfer is warranted based on convenience and the interest of justice. *Anaya*, 570 F. Supp. 2d at 884 ("For a section 1404(a) transfer to be proper . . . venue must be proper in the transferor court."). Section 1406(a), on the other hand, is only available and applicable when venue is improper in the transferor court.

Venue is improper in this District with respect to X's claims asserted against SBI, Nestlé S.A., and LEGO A/S. As detailed more fully in its Brief in Support of Motion to Dismiss, SBI establishes that venue in this District is not proper under either 28 U.S.C. §1391 or 15 U.S.C. §

22. Dkt. 143. LEGO A/S and Nestlé S.A. established in their respective Briefs in Support of Motion to Dismiss that venue anywhere in Texas is improper over them. Dkt. 146 at 13-16 & Dkt. 164 at 12-13. Accordingly, a Section 1404(a) transfer is not permitted with respect to these parties.

**B.    SBI, Nestlé S.A., and LEGO A/S Cannot Be Transferred Under Section 1404(a) Because They Are Not Subject to Personal Jurisdiction In The Transferee Forum.**

The Court's power to transfer SBI, Nestlé S.A., and LEGO A/S is another threshold determination that takes precedence over the convenience to be gained by a transfer. That threshold determination requires an affirmative finding by this Court that this case "might have been brought" in the Southern District of New York. 28 U.S.C. § 1404(a). The transferee court must have personal jurisdiction over the defendants sought to be transferred under Section 1404(a). This means that the Court must make an explicit determination that the transferee court (the Southern District of New York) would have personal jurisdiction over SBI, Nestlé S.A., and LEGO A/S. But SBI, Nestlé S.A., and LEGO A/S are all foreign defendants who have moved to dismiss under Rule 12(b)(2) for lack of personal jurisdiction on the specific grounds that none of these parties are amenable to personal jurisdiction **anywhere** in the United States. *See* Dkt. 142, 145 & 163.

Section 1404(a) cannot create personal jurisdiction where it does not exist. "[T]ransfer of a suit against multiple defendants is proper only if all of them would have been amenable to process in, and if venue as to all of them would have been proper in, the transferee court." *Liaw Su Teng v. Skaarup Shipping Corp.*, 743 F.2d 1140, 1148 (5th Cir. 1984), *overruled on other grounds*, *In re Air Crash Disaster Near New Orleans, La., on July 9, 1982*, 821 F.2d 1147 (5th Cir. 1987); *Balthasar Online, Inc. v. Network Solutions, LLC*, 654 F. Supp. 2d 546, 549 (E.D. Tex. 2009) (quoting *Liaw Su Teng*). Simply put, this Court lacks the power to transfer X's case under Section 1404(a) to the Southern District of New York unless and until the Court first either dismisses SBI,

Nestlé S.A., and LEGO A/S or conducts a transfer analysis and finds that all three of these Defendants are subject to personal jurisdiction in the Southern District of New York.

Courts have observed that when specific defendants challenge personal jurisdiction over them anywhere in the United States, the objection to personal jurisdiction anywhere in the country impedes a Section 1404(a) transfer unless the Court first determines that there has been a prima facie showing that personal jurisdiction exists over the objecting defendants in the transferee forum. The U.S. District Court for the Eastern District of Texas faced this issue squarely in *U.S. Ethernet Innovations, LLC v. Acer, Inc*. 6:09–cv–448, 2010 WL 2771842 (E.D. Tex. July 3, 2010). There, over the plaintiff's objection—and only after the two defendants at issue submitted supplemental briefing downplaying their prior assertions and stating that they in fact did have minimum contacts with the transferee jurisdiction—the court granted the transfer request. *Id*. at *4.

Here, though, there is no basis for any finding that SBI, Nestlé S.A., or LEGO A/S are subject to the personal jurisdiction of a transferee court in the Southern District of New York on either general or specific jurisdiction grounds. Unlike the two defendants in *Ethernet Innovations*, SBI, Nestlé S.A., and LEGO A/S have not abandoned their jurisdictional objections through the submission of supplemental evidence to suggest any minimum contacts with the United States. As detailed in their respective Motions to Dismiss and the supporting declarations, none of these Defendants have business contacts "so continuous and systematic" with the United States that would satisfy the high standard for establishing general jurisdiction over them in this country. *Douglass v. Nippon Yusen Kabushiki Kaisha,* 46 F.4th 226, 235 (5th Cir. 2022) (*en banc*) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014). Similarly, neither SBI, Nestlé S.A., nor LEGO A/S is subject to specific jurisdiction corresponding to the "minimum contacts" prong of the *Int'l*

*Shoe Co. v. Washington* analysis, specifically addressing whether a foreign defendant purposefully directed its activities at the United States and whether the claim arises out of or relates to those activities. 326 U.S. 310, 316 (1945). The exercise of personal jurisdiction over these three Defendants would be incompatible with binding U.S. Supreme Court and Fifth Circuit authority and jurisprudence plainly foreclosing the exercise of *in personam* jurisdiction over foreign concerns who lack the requisite minimum contacts with the United States. As the MTT Defendants' motion correctly states and the pending Motions to Dismiss confirm, the Complaint in this case is devoid of nonconclusory allegations establishing jurisdictional facts that would make a prima facie showing that SBI, Nestlé S.A., or LEGO A/S engaged in individual, specific acts arising out of or relating to the claims asserted against them in this case that would be sufficient to exercise specific jurisdiction over them in the transferee court (or elsewhere in the United States).

Indeed, as courts have recognized, by conditioning a Section 1404(a) transfer ostensibly on where a case "might have been brought," the requirement is an explicit limitation on this Court's power—not its discretion—to transfer this case. Therefore, and understandably, the Court's discretion to transfer under Section 1404(a)'s convenience factors and the interest of justice is altogether a separate inquiry that the Court cannot reach when engaged in a Section 1404(a) transfer analysis without first addressing the threshold question of whether X could have brought this case in the Southern District of New York. When performing a Section 1404(a) transfer analysis, the latter inquiry speaks directly to the Court's statutory power to transfer SBI, Nestlé S.A., and LEGO A/S to the Southern District of New York. While SBI, Nestlé S.A., and LEGO A/S acknowledge that both the convenience of the parties and witnesses and the public and private interest factors discussed in the MTT Defendants' Motion to Transfer overwhelmingly support a transfer to the Southern District of New York, the Court simply lacks the power to transfer them.

The Court need not perform a transfer analysis under Section 1404(a) at all with respect to SBI, Nestlé S.A., and LEGO A/S if it chooses to dismiss these parties for want of personal jurisdiction and to transfer the remaining parties to the Southern District of New York. *VeroBlue Farms*, 465 F. Supp. 3d at 676 (dismissing certain defendants for lack of personal jurisdiction and transferring case against one of the remaining defendants); *QR Spex, Inc.*, 507 F. Supp. 2d at 668 (involving a dismissal of certain defendants for lack of personal jurisdiction and a Section 1404(a) transfer of other defendants).

### C. Fifth Circuit Precedent Supports Severance and Partial Transfer of the MTT Defendants If The Court Does Not First Resolve The Pending Motions to Dismiss.

The MTT Defendants have demonstrated that the convenience of the parties and the interests of justice would be served by transferring the case to the Southern District of New York.[4] But, as explained above, this Court (the transferor court) lacks proper venue over Plaintiff's claims against SBI, Nestlé S.A., and LEGO A/S, and the Southern District of New York (the proposed transferee court) lacks personal jurisdiction over SBI, Nestlé S.A., and LEGO A/S. Although the procedural defects preclude a wholesale transfer of all claims and Defendants, the Fifth Circuit's jurisprudence on severance and partial transfer provides a solution tailored for precisely this scenario if the Court does not initially dismiss SBI, Nestlé S.A., and LEGO A/S before undertaking a Section 1404(a) transfer analysis.

---

[4] In their Motion to Transfer, the MTT Defendants demonstrate why transferring this case to the Southern District of New York with respect to the MTT Defendants would materially advance the administration of justice. Among other things, relevant World Federation of Advertising ("WFA") documents would most likely be with Mr. Rob Rakowitz, the co-founder and Initiative Lead for GARM, who is based in New York. *See* Compl. ¶ 38. In addition, relevant documents will likely be at the offices of MTT Defendants' marketing agencies, many of which are also located in New York. Further, several nonparty witnesses, including several key nonparty witnesses, are within 100 miles of the Southern District of New York.

-8-

The Fifth Circuit has expressly recognized that severance and partial transfer is an appropriate remedy when a venue transfer would materially advance the administration of justice, but cannot be fully implemented with respect to all parties due to venue or jurisdictional defects. Under this framework, severance and transfer is permissible where (1) the administration of justice would be materially advanced; and (2) the defendant(s) remaining in the transferor district are not "so involved" in the transferred controversy that the same issues would have to be litigated twice. *See DDC Technology v. Google*, 3:22-cv-1263, 2023 WL 2518846, at *3 (N.D. Tex. Mar. 4, 2023) (Boyle, J.) (quoting *Def. Distributed v. Bruck*, 30 F.4th 414, 428 (5th Cir. 2022)); *Liaw Su Teng*, 743 F.2d at 1148 ("[The court] should not sever if the defendant over whom jurisdiction is retained is so involved in the controversy to be transferred that partial transfer would require the same issues to be litigated in two places."). The point of a transfer under 28 U.S.C. §1404(a) is, in part, to materially advance the administration of justice. 28 U.S.C. § 1404(a) (transfer permissible when "in interest of justice"); *see Def. Distributed*, 30 F.4th at 430 (district court erred by failing to conclude that transfer would not materially advance administration of justice). When the benefits of partial transfer outweigh the inconvenience of severance—namely, the risk of duplicative litigation—severance and partial transfer is warranted. *See id.* at 429 (noting that severance raises concerns about duplicative efforts).

Here, the MTT Defendants have already demonstrated that transfer to the Southern District of New York would materially advance the administration of justice. The only remaining question is whether SBI, Nestlé S.A., and LEGO A/S are so involved in the transferred controversy that the same issues would have to be litigated twice, once in Texas and once in New York. The central focus of the severance inquiry is judicial efficiency. *DDC Technology*, 2023 WL 2518846, at *9.

-9-

Courts may grant severance and partial transfer when the claims against the severed defendants are not so intertwined with the transferred controversy that duplicative litigation would result.

That is precisely what this Court did in *DDC Technology v. Google*. There, this Court severed claims against Google for transfer to the Northern District of California, while retaining claims against co-defendant OPS in the Northern District of Texas. *Id.* at *11. This Court recognized that the administration of justice was materially advanced by transferring Google to a more appropriate venue, while keeping the remaining claims in Texas. *Id.* at *3, *11 (granting severance and transfer and quoting assertion from *Def. Distributed*, 30 F.4th at 430, that "severance and transfer makes sense only where the administration of justice would be materially advanced"). As is the case here, this Court could not have implemented a venue transfer under Section 1404(a) without severance, because the remaining defendants were not subject to personal jurisdiction in California. *See id.* at *4 (quoting assertion from *In re Nintendo Co.*, 544 F. App'x 934, 940-41 (Fed. Cir. 2013) that "courts have 'considerable latitude to order severance solely for purposes of facilitating transfer'"). After determining that transfer was appropriate for Google, this Court severed the claims against Google from those against OPS, leaving the claims against OPS in the Northern District of Texas. *Id.* at *11. The court found that "OPS [was] ultimately not 'so involved in the controversy' such that judicial efficiency overcomes the strong interests in transfer." *Id.* at *10 (quoting *Def. Distributed*, 30 F.4th at 428). This Court further observed that the plaintiff's "claims against OPS [were] peripheral to the central action against Google," because OPS's only involvement was its role in manufacturing a product at issue in the patent infringement suit against Google. *Id.*

SBI, Nestlé S.A., and LEGO A/S are on better footing than OPS, the defendant that remained in the Northern District of Texas in *DDC Technology*. Judicial efficiency concerns

linked to the prospect of duplicative litigation involving these defendants are nonexistent here, where none of these parties are subject to personal jurisdiction anywhere in the United States. Indeed, as demonstrated in their Motions to Dismiss, X's Complaint is devoid of any specific or unique allegations with respect to SBI, Nestlé S.A., and LEGO A/S. Beyond its conclusory allegations with respect to all "Defendants," the Complaint fails to plead specific, individual actions or conduct by SBI, Nestlé S.A., and LEGO A/S. This is unsurprising as Nestlé S.A. and LEGO A/S are holding companies, and none of them are members of the Global Alliance for Responsible Media ("GARM"). Similarly, X's Complaint complains about the purported actions of GARM's Steer Team, but alleges no specific, individual conduct or actions by SBI or LEGO A/S, which were not members of GARM's Steer Team. *See, e.g.*, Compl. ¶ 39. Accordingly, severance of these parties would not result in or require duplicative litigation.[5]

## II.    CONCLUSION

For the foregoing reasons, this Court can and should either dismiss or sever X Corp's claims against SBI, Nestlé S.A., and LEGO A/S. Either option would ensure that the Court has the statutory authority to effect a proper transfer of this case under Section 1404(a) given SBI's, Nestlé S.A., and LEGO A/S's venue objections and challenges to personal jurisdiction anywhere in the United States. As explained above, a dismissal of SBI, Nestlé S.A., and LEGO A/S would

---

[5] It is noteworthy that the Complaint also alleges that the GARM initiative included at least 60 and as many as 118 companies and was started by the WFA and the Association of National Advertisers ("ANA," a coalition of 1,100 advertisers), *id*. ¶¶ 37, 68, 110, with purportedly only 18 GARM members terminating advertisements on Twitter. *Id*. ¶ 137. Even though SBI was a member of the WFA, the lack of any specific allegations in the Complaint detailing specific conduct attributable to SBI relative to either the WFA or GARM only confirms that SBI was a bit player and no differently situated than any number of the dozens of WFA members who were not sued by X.

not only allow the Court to properly transfer this case under Section 1404(a), but it would also dispose of all remaining claims and parties before the Court.

Dated: July 2, 2025

Respectfully submitted,

By: */s/ Layne E. Kruse*

Layne E. Kruse
State Bar No. 11742550
layne.kruse@nortonrosefulbright.com
Carlos R. Rainer
State Bar No. 24027641
carlos.rainer@nortonrosefulbright.com
**NORTON ROSE FULBRIGHT US LLP**
1550 Lamar Street, Suite 2000
Houston, Texas 77010
Telephone No.: (713) 651-5151
Facsimile No.: (713) 651-5246

Ellen Sessions
State Bar No. 00796282
ellen.sessions@nortonrosefulbright.com
**NORTON ROSE FULBRIGHT US LLP**
2200 Ross Avenue, Suite 3600
Dallas, Texas 75201
Telephone No.: (214) 855-8000
Facsimile No.: (214) 855-8200

*Attorneys for Defendant Shell Brands International AG*

By: */s/ Minoo Blaesche*
Minoo Blaesche
State Bar No. 24075102
mblaesche@jw.com
**JACKSON WALKER LLP**
2323 Ross Avenue, Suite 600
Dallas, Texas 75201
Telephone No.: (214) 953-6160
Facsimile No.: (214) 661-6800

-12-

Chahira Solh (*Admitted Pro Hac Vice*)
csolh@crowell.com
**CROWELL & MORING LLP**
3 Park Plaza, 20th Floor
Irvine, California 92614
Telephone No.: (949) 798-1367

Sima Namiri-Kalantari (*Admitted Pro Hac Vice*)
snamiri@crowell.com
**CROWELL & MORING LLP**
515 South Flower Street, 41st Floor
Los Angeles, CA 90071
Phone: (213) 443-5564

Kenneth Dintzer (*Admitted Pro Hac Vice*)
kdintzer@crowell.com
**CROWELL & MORING LLP**
1001 Pennsylvania Avenue, NW
Washington, DC 20004
Phone: (202) 624-2561

***Attorneys for Defendant LEGO A/S***

By: /s/ Anthony W. Bates
Anthony W. Bates (Bar No. 24076904)
**SHERRILL & GIBSON, PLLC**
3711 Maplewood Avenue, Suite 200
Wichita Falls, TX 76308
Phone: (940) 264-4400
Fax: (940) 264-4401
Email: tbates@sgpllc.law

Carmine R. Zarlenga (NDTX Bar No. 386244DC)
Oral D. Pottinger (*admitted pro hac vice*)
Christina Luk (*admitted pro hac vice*)
**MAYER BROWN LLP**
1999 K Street, NW
Washington, DC 20006
Phone: (202) 263-3227
Fax: (202) 263-5227
Email: czarlenga@mayerbrown.com
          opottinger@mayerbrown.com
          cluk@mayerbown.com

***Attorneys for Defendant Nestlé S.A.***

-13-

## CERTIFICATE OF SERVICE

I certify that on July 2, 2025, a true and correct copy of the foregoing instrument was served on all counsel of record using the Court's electronic filing system.

Dated: July 2, 2025

Respectfully submitted,

By: */s/ Carlos R. Rainer*
Carlos R. Rainer
State Bar No. 24027641
carlos.rainer@nortonrosefulbright.com
**NORTON ROSE FULBRIGHT US LLP**
1550 Lamar Street, Suite 2000
Houston, Texas 77010
Telephone No.: (713) 651-5151
Facsimile No.: (713) 651-5246

***Attorneys for Defendant Shell Brands
International AG***

-14-