UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| X CORP., | § | |
| | § | |
|   Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 7:24-CV-0114-B |
| | § | |
| WORLD FEDERATION OF | § | |
| ADVERTISERS; MARS, | § | |
| INCORPORATED; CVS HEALTH | § | |
| CORPORATION; ØRSTED A/S; | § | |
| TWITCH INTERACTIVE, INC.; NESTLÉ | § | |
| S.A.; NESTLE USA, INC.; ABBOTT | § | |
| LABORATORIES; COLGATE- | § | |
| PALMOLIVE COMPANY; LEGO A/S; | § | |
| LEGO BRAND RETAIL, INC.; | § | |
| PINTEREST, INC.; TYSON FOODS, | § | |
| INC.; SHELL PLC; SHELL USA, INC.; | § | |
| and SHELL BRANDS INTERNATIONAL | § | |
| AG, | § | |
| | § | |
|   Defendants. | § | |

### ORDER

Before the Court is Plaintiff X Corp. ("X")'s and Defendant Ørsted A/S ("Ørsted")'s Joint Motion to Substitute Party (Doc. 193). The Court **GRANTS** the Motion.

X and Ørsted seek to substitute Ørsted with Ørsted Services A/S ("Ørsted Services"). Doc. 193, Mot., 1. In X's Second Amended Complaint, X discusses emails that were allegedly sent by Ørsted employees. Doc. 77, Second Am. Compl., ¶ 111. Ørsted has since informed X that those employees do not work for work Ørsted—instead, they work for Ørsted Services. Doc. 193, Mot., 2. Accordingly, X and Ørsted move under Federal Rule of Civil Procedure 21 to substitute Ørsted

Services for Ørsted as a defendant in this case. *Id.* at 1. They also ask the Court to dismiss X's claims against Ørsted without prejudice. *Id.* at 2.

Federal Rule of Civil Procedure 21 governs the "Misjoinder and Nonjoinder of Partes" and allows a court to, "at any time, on just terms, add or drop a party." District courts have broad discretion when determining whether to add a party under Rule 21. *Bibbs v. Early*, 541 F.3d 267, 274 (5th Cir. 2008). With respect to misjoinder, "courts have applied the standards for permissive joinder set forth in Rule 20 to determine whether a party was improperly joined." *MIL (Invs.) SARL v. Inco Ltd.*, No. CIV.A. 3:02-CV-1879-G, 2002 WL 32319011, at *2 (N.D. Tex. Oct. 29, 2002) (Fish, C.J.). Under Rule 20, defendants may be joined in the same action if the plaintiff's claims arise "out of the same transaction, occurrence, or series of transactions or occurrences" and the claims share a common question of law or fact. FED. R. CIV. P. 20(a)(2). And with respect to nonjoinder, Rule 21 allows a court to add "a party who, through inadvertence, mistake, or other reason has not been made a party and is desirable or necessary as a party." *Pederson v. Unilever, N.V.*, No. SA-20-CV-20-XR, 2020 WL 8408970, at *1 (W.D. Tex. Apr. 17, 2020).

Here, the parties have demonstrated that it would be desirable to add Ørsted Services to this lawsuit. X discusses several emails that were allegedly sent by Ørsted Services employees in its Second Amended Complaint. Doc. 77, Second Am. Compl., ¶ 111. But X alleged in its pleadings that these emails were sent by Ørsted employees. *See id.* Because these allegations would potentially be attributable to Ørsted Services rather than to Ørsted, the Court finds that it would be desirable to add Ørsted Services to this lawsuit. *Pederson*, 2020 WL 8408970, at *1.[1]

---

[1] The Court is not commenting on whether any other Defendants are properly joined in this lawsuit. The Court will address, if necessary, Defendants Shell Brands International Ag's, Nestlé S.A.'s, and Lego A/S's Amended Conditional Motion For Severance (Doc. 190) at a later time.

Next, the Court is not convinced that Ørsted was improperly joined to this lawsuit. The parties have only suggested that X sued the wrong Ørsted entity, rather than that X's claims against Ørsted do not arise out of the same transaction or occurrence as X's claims against the other Defendants. *Inco Ltd.*, 2002 WL 32319011, at *2; *see also* FED. R. CIV. P. 20(a)(2). Regardless, both X and Ørsted asked the Court to dismiss X's claims against Ørsted without prejudice. Doc. 193, Mot., 2. Thus, the Court will interpret the parties' Motion to also be a Rule 41(a) motion to dismiss. Therefore, the Court dismisses X's claims against Ørsted without prejudice. *See* FED. R. CIV. P. 41(a) (allowing a plaintiff to dismiss all its claims against a defendant).

Accordingly, the Court **GRANTS** X's and Ørsted's Joint Motion to Substitute Party (Doc. 193). The Court **DISMISSES WITHOUT PREJUDICE** X's claims against Ørsted A/S, and the Court **SUBSTITUTES** Ørsted Services A/S as a defendant in this case. The Court also deems Ørsted Services A/S a moving party under Defendants' Motion to Dismiss for Failure to State a Claim (Doc. 160). The Clerk is **DIRECTED** to adjust the case caption accordingly. Further, Ørsted A/S's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 157) is **DENIED AS MOOT** and **WITHOUT PREJUDICE**. Ørsted Services A/S's deadline to assert any additional Rule 12 motions or defenses shall be 21 days from the date of this Order.

**SO ORDERED.**

**SIGNED: July 29, 2025.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE