**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION**

| | |
|---|---|
| X CORP., | |
| *Plaintiff,* | |
| v. | Civil Action No. 7:24-cv-00114-B |
| WORLD FEDERATION OF ADVERTISERS; MARS, INCORPORATED; CVS HEALTH CORPORATION; ØRSTED SERVICES A/S; NESTLÉ S.A.; NESTLE USA, INC.; ABBOTT LABORATORIES; COLGATE-PALMOLIVE COMPANY; LEGO A/S; LEGO BRAND RETAIL, INC.; PINTEREST, INC.; TYSON FOODS, INC.; SHELL USA, INC.; and SHELL BRANDS INTERNATIONAL AG, | |
| *Defendants.* | |

## RESPONSE OF DEFENDANTS NESTLÉ S.A., WORLD FEDERATION OF ADVERTISERS, LEGO A/S, AND SHELL BRANDS INTERNATIONAL AG, IN OPPOSITION TO PLAINTIFF X CORP.'S CONDITIONAL MOTION FOR JURISDICTIONAL DISCOVERY

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................................. 1

LEGAL STANDARD.......................................................................................................... 2

ARGUMENT ....................................................................................................................... 3

I.     X Has Not Made a Preliminary Showing of Jurisdiction. ....................................... 3

     A.     The Jurisdictional Defendants' Motions to Dismiss Demonstrate that X Failed
         to Make a Preliminary Case for Jurisdiction............................................................ 3

     B.     X's Arguments in Favor of Jurisdictional Discovery Are Based on Legal
         Disagreements, Not Factual Disputes. ...................................................................... 4

II.    X Fails to Show How Jurisdictional Discovery Would Support Personal Jurisdiction...... 8

     A.     X Does Not Identify Any Relevant Factual Disputes That Jurisdictional
         Discovery Could Resolve. ......................................................................................... 8

     B.     X Does Not Have the Purported Right To "Test" The Jurisdictional
         Defendants' Declarations.......................................................................................... 10

          1.     X is not entitled to obtain discovery merely because the Jurisdictional
              Defendants have complex corporate structures. ......................................... 10

          2.     X is not entitled to obtain jurisdictional discovery merely because it is
              alleging an antitrust conspiracy. ................................................................. 12

     C.     X's Proposed Discovery Is Impermissibly Broad.................................................... 13

III.   Even If X Has Carried Its Burden for Jurisdictional Discovery, Which It Has Not, X
       Must Seek Discovery from Jurisdictional Defendants Through Proper Channels. .......... 15

CONCLUSION.................................................................................................................... 16

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Am. Pats. LLC v. Mediatek, Inc.*,
  2019 WL 13150016 (W.D. Tex. Sept. 20, 2019) ................................................................10

*In re Anschuetz & Co., GmbH*,
  838 F.2d 1362 (5th Cir. 1988) ........................................................................................16

*In re Baby Food Prods. Liab. Litig.*,
  2025 WL 986959 (N.D. Cal. Apr. 2, 2025) ......................................................................11

*Davila v. United States*,
  713 F.3d 248 (5th Cir. 2013) ............................................................................................2

*DDC Tech., LLC v. Structural Graphics, LLC*,
  2022 WL 17813705 (N.D.Tex. Dec. 19, 2022) (Boyle, J.) ..........................................9, 10, 11

*Doucet v. Abbott Lab'ys, Inc.*,
  2025 WL 1548534 (E.D. La. May 29, 2025) ................................................................12, 13

*Evergreen Media Holdings, LLC v. Safran Co.*,
  68 F. Supp. 3d 664 (S.D. Tex. 2014) ..............................................................................8, 9

*In re Gasoline Spot Litig.*,
  2020 WL 7431843 (N.D. Cal. Dec. 18, 2020) ..............................................................10, 13

*Getagadget, L.L.C. v. Jet Creations Inc.*,
  2022 WL 964204 (5th Cir. Mar. 30, 2022) ......................................................................2, 3

*Golf City, Inc. v. Wilson Sporting Goods, Co.*,
  555 F.2d 426 (5th Cir. 1977) ............................................................................................6

*Kelly v. Syria Shell Petroleum Dev. B.V.*,
  213 F.3d 841 (5th Cir. 2000) ....................................................................3, 10, 11, 12

*Landry v. Bank of Am.*,
  2021 WL 1232836 (M.D. La. Mar. 31, 2021) ..................................................................5, 6

*Litvinov v. Bowtech, Inc.*,
  701 F. Supp. 3d 618 (S.D. Tex. 2023) ............................................................................3, 4

*Monkton Ins. Servs., Ltd. v. Ritter*,
  768 F.3d 429 (5th Cir. 2014) ............................................................................................2

*P & L Dev., LLC v. Gerber Prods. Co.*,
  715 F. Supp. 3d 435 (E.D.N.Y. 2024) ...................................................................11

*Raiz Fed. Credit Union v. Rize Fed. Credit Union*,
  2025 WL 492795 (W.D. Tex. Feb. 12, 2025) .........................................................14

*Roche Diagnostics Corp. v. Priority Healthcare Corp.*,
  407 F. Supp. 3d 1216 (N.D. Ala. 2019) .................................................................12

*Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co.*,
  2017 WL 7512815 (S.D.N.Y. Dec. 29, 2017) .........................................................15

*Rumble, Inc. v. World Federation of Advertisers*,
  2025 WL 2345076 (N.D. Tex. Aug. 13, 2025) ................................................ *passim*

*SEC v. Stanford Int'l Bank, Ltd.*,
  776 F. Supp. 2d 323 (N.D. Tex. 2011) (J. Godbey) ...............................................16

*SGIC Strategic Glob. Inv. Cap., Inc. v. Burger King Europe Gmbh*,
  2015 WL 4162599 (N.D. Tex. Jul. 9, 2015) (Boyle, J.) .......................................3, 4

*Sirmon v. Wyndham Vacation Resorts, Inc.*,
  2012 WL 4341819 (N.D. Ala. Sept. 18, 2012) ......................................................12

*Tese-Milner v. De Beers Centenary A.G.*,
  613 F. Supp. 2d 404 (S.D.N.Y. 2009) ...................................................................12

*Wanachek Mink Ranch v. Alaska Brokerage Int'l*,
  2009 WL 1247039 (W.D. Wash. May 4, 2009) ......................................................13

*Wooster Abruzzi Co. v. SPM Flow Control, Inc.*,
  2013 WL 12139375 (N.D. Tex. Nov. 25, 2013) ......................................................15

*Wyatt v. Kaplan*,
  686 F.2d 276 (5th Cir. 1982) ................................................................................14

**Statutes**

Clayton Act § 12, 15 U.S.C. § 22 ..............................................................................7

**Other Authorities**

*20: Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or
  Commercial Matters: Status Update*, Hague Conference on Private
  International Law, https://www.hcch.net//instruments/conventions/status-
  table/?cid=82  (last accessed, Sept, 12, 2025). ....................................................16

Fed. R. Civ. P. 4(k)(2).................................................................................................7

## INTRODUCTION

Plaintiff X Corp. ("X") filed its twice-amended complaint against an eclectic group of Defendants, several of whom have little or no discernable connection to the United States, accusing them all of participating in a conspiracy to spend less money on ads on X's (formerly Twitter's) social-media platform. Four such Defendants, World Federation of Advertisers ("WFA"), Shell Brands International AG ("SBI"), LEGO A/S, and Nestlé S.A. (collectively, "Jurisdictional Defendants") each moved to dismiss X's Second Amended Complaint ("SAC") for lack of personal jurisdiction ("Personal Jurisdiction Motion(s)"). The Jurisdictional Defendants, in their respective Personal Jurisdiction Motions, point out that each are headquartered in Europe and lack minimum contacts with Texas or the United States. All allegations of contact with Texas (or the United States) with respect to the Jurisdictional Defendants are conclusory, speculative, and altogether insufficient to support a *prima facie* case for personal jurisdiction.

X moves contingently for jurisdictional discovery in the event the Court grants (or "does not deny") the Personal Jurisdiction Motions. *See generally* X's Contingent Motion for Jurisdictional Discovery ("Disc. Mot."), ECF No. 200. X, however, has not made a preliminary showing of personal jurisdiction that merits jurisdictional discovery, a fatal flaw it attempts to cover by introducing facts in its brief that were never alleged in the SAC. On top of these untimely and insufficient assertions, X articulates a broad, almost limitless understanding of jurisdictional discovery that is contrary to well-established Fifth Circuit precedent. Based on this misunderstanding of jurisdictional discovery, X proposes an indiscriminate, unprecedented, and patently futile fishing expedition into not only the Jurisdictional Defendants' businesses, but also the businesses of SBI's, LEGO A/S's, and Nestlé S.A.'s United States subsidiaries or affiliated companies, regardless of their connection to this litigation. X does not even bother to explain how such an all-encompassing discovery campaign—essentially discovery into the merits of X's

1

implausible antitrust claims—will fill the gaps in its jurisdictional allegations nor how its requests are relevant to the inquiry at hand.

For the reasons detailed below, jurisdictional discovery should be denied because the parties' dispute about personal jurisdiction can be resolved as a matter of law on the parties' briefs. As an initial matter, there are no jurisdictionally relevant contradictions between the few well-pleaded allegations in the SAC and the factual averments made by the Jurisdictional Defendants in support of their Personal Jurisdiction Motions that would warrant any discovery, let alone the invasive jurisdictional discovery that X seeks here. Further, X has not pled any facts that show that jurisdiction is possible, and there are no facts that X could obtain in jurisdictional discovery that would support the inadequate jurisdictional allegations presented in its SAC (as opposed to the supplemental assertions made by X for the first time in its opposition briefing). Moreover, X's jurisdictional arguments depend entirely on novel legal theories, which are unsupported by legal authority and which do not involve or depend on disputed facts.

## LEGAL STANDARD

A district court has broad discretion to permit or deny jurisdictional discovery. *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 434 (5th Cir. 2014). "As the party opposing dismissal and requesting discovery, the plaintiffs bear the burden of demonstrating the necessity for discovery." *Davila v. United States*, 713 F.3d 248, 264 (5th Cir. 2013). To meet this burden, plaintiffs must first make a "preliminary showing of jurisdiction." *Getagadget, L.L.C. v. Jet Creations Inc*., 2022 WL 964204, at *5 (5th Cir. Mar. 30, 2022). A preliminary showing must include "factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts." *Id*. (quotation omitted).

"[D]iscovery on matters of personal jurisdiction need not be permitted unless the motion to dismiss raises issues of fact. When the lack of personal jurisdiction is clear, discovery would

serve no purpose and should not be permitted." *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000) (citation omitted). On "matters of personal jurisdiction," a plaintiff must "identify the discovery needed, the facts expected to be obtained thereby, and how such information would support personal jurisdiction." *SGIC Strategic Glob. Inv. Cap., Inc. v. Burger King Europe Gmbh*, 2015 WL 4162599, at *6 (N.D. Tex. Jul. 9, 2015) (Boyle, J.).

## ARGUMENT

### I.    X Has Not Made a Preliminary Showing of Jurisdiction.

#### A.    The Jurisdictional Defendants' Motions to Dismiss Demonstrate that X Failed to Make a Preliminary Case for Jurisdiction.

The obvious deficiencies in the SAC, along with the uncontroverted facts reflected in the Jurisdictional Defendants' declarations, demonstrate that Jurisdictional Defendants cannot be subject to personal jurisdiction in Texas or the United States for X's claims.[1]

As explained in greater detail in the respective Personal Jurisdiction Motions, the SAC relies on generic and unspecified allegations that the Jurisdictional Defendants conduct business in Texas or the United States, rather than any specific activities. This is not enough to make a preliminary showing of jurisdiction. *See Litvinov v. Bowtech, Inc.*, 701 F. Supp. 3d 618, 623 (S.D. Tex. 2023) (denying jurisdictional discovery when the plaintiff alleged the defendant "'conduct[ed] a substantial amount of business in Texas' but [the plaintiff] provide[ed] no specifics"). X's allegations that Nestlé S.A., LEGO A/S, or SBI took overt action directed toward Texas or the United States to further the alleged conspiracy fail to support jurisdiction as a matter of law because they are speculative, conclusory, and impermissibly group multiple defendants

---

[1] This brief leaves a more fulsome rebuttal of X's jurisdictional arguments for Jurisdictional Defendants' forthcoming replies, which will show why, notwithstanding X's Opposition to those motions, X has failed to state a *prima facie* case for personal jurisdiction over Jurisdictional Defendants—a result that jurisdictional discovery, as proposed by X, cannot change.

together. *See Rumble, Inc. v. World Federation of Advertisers*, 2025 WL 2345076, at *11 (N.D.

Tex. Aug. 13, 2025) (Boyle, J). Likewise, with respect to WFA, the allegations that unidentified

GARM members took unidentified actions toward Texas or the United States to further the alleged

conspiracy say nothing as to what *WFA* allegedly did to subject itself to personal jurisdiction. *Id.*

In their respective Jurisdictional Motions, Nestlé S.A., LEGO A/S, and SBI submitted

declarations establishing the lack of any minimum contacts in Texas or the United States writ large

at any level that would support the exercise of personal jurisdiction over them.[2] WFA likewise

submitted a declaration establishing it conducts no business in Texas.[3] Without controverting these

sworn declarations, X has failed to explain how jurisdictional discovery could possibly provide

relevant information. *See SGIC Strategic Glob. Inv. Cap., Inc. v. Burger King Europe GmbH*, 2015

WL 4162599, at *4 (N.D. Tex. July 9, 2015) (Boyle, J.) (denying jurisdictional discovery where

plaintiffs "do not dispute any facts asserted by Defendant in its Motion to Dismiss" and merely

"dispute 'the significance of facts for determining jurisdiction'").

### B.    X's Arguments in Favor of Jurisdictional Discovery Are Based on Legal Disagreements, Not Factual Disputes.

Despite failing to state a *prima facie* basis for personal jurisdiction, X argues that it has

made a "preliminary showing" of the requisite contacts for two reasons. X's Brief in Support of

Disc. Mot. ("Disc. Brief") at 1, ECF No. 201. *First*, X argues each Jurisdictional Defendant played

a "role in a conspiracy that targeted [X] intending to harm it in-forum[.]" *Id.* at 4. *Second*, X argues

---

[2] *See* Nestlé S.A. Brief in Support of Motion to Dismiss for Lack of Jurisdiction, ECF No. 164 at
1, (Appendix ("App.") 2 (Declaration of Silvan Jampen ¶¶ 3-4)); Lego A/S Brief in Support of
Motion to Dismiss for Lack of Jurisdiction, ECF No. 146 at 1-2, (App. 004-005 (Declaration of
Renee Oliver ¶¶ 3-4)); SBI Brief in Support of Motion to Dismiss for Lack of Jurisdiction, ECF.
No. 143 at 1-2, (App. 1-2 (Declaration of Andrea Laanio ¶¶ 2-6)).
[3] *See* WFA Brief in Support of Motion to Dismiss for Lack of Jurisdiction, ECF No. 133 at 2-3,
(App. 001-002 (Declaration of Stephan Loerke ¶¶ 4-18)).

that any "in-forum overt acts to further the conspiracy" by any Defendant can be imputed to the remaining defendants for jurisdictional purposes. *Id.*

X has not alleged, even in a preliminary fashion, that Nestlé S.A., LEGO A/S, or SBI directed any specific activities toward the forum or participated directly in any conspiracy against X. X alleges only that the Jurisdictional Defendants were members of WFA/GARM or the ANA Global CMO Growth Council, and that GARM required its advertiser members to adhere to its policies. Disc. Brief at 9. But as this Court recently explained, "simply alleging that the GARM conspiracy 'require[d] its members to adhere to its policies' cannot be used to establish personal jurisdiction over every co-conspirator." *Rumble*, 2025 WL 2345076, at *11. X's own Opposition to the Personal Jurisdiction Motions recognizes that there is no factual dispute here; X simply asserts that being a GARM or WFA member—or even just having a subsidiary that is a member— is enough of a contact to establish personal jurisdiction without any legal support. *See* X's Consolidated Opp. to Personal Jurisdiction Motions ("Opp. to Personal Jurisdiction Motions") at 5, ECF No. 194.

As it relates to WFA, X argues that at least one WFA member is headquartered in the Northern District of Texas, and that the member joined the purported boycott of Twitter. Disc. Brief at 8. X never *alleged* this purported fact in its *SAC*, raising it only in its Opposition to WFA's Personal Jurisdiction Motion. The Court should not consider this unpled assertion. *See Landry v. Bank of Am.*, 2021 WL 1232836, at *3 n.33 (M.D. La. Mar. 31, 2021) ("The Court cannot consider [factual assertions in a 12(b)(2) response] because 'it is axiomatic that a complaint cannot be amended by briefs in opposition to a motion to dismiss.'") (citation omitted). But even with this (immaterial) revelation in its Opposition to the Personal Jurisdiction Motions, X emphasizes that there are no factual disputes between the SAC's allegations and WFA's Personal Jurisdiction

Motion (and supporting declaration).[4] X thus does not controvert WFA's declaration that *WFA conducts no business in Texas*. WFA did not assert that there is no WFA or GARM member—i.e., independent entity—in this District. Instead, it has argued (correctly) that "a professional association does not 'transact business' in a judicial district merely because some of its members reside in the district." WFA Brief in Support of Mot. to Dismiss at 15, ECF No. 133 (quoting *Golf City, Inc. v. Wilson Sporting Goods, Co.,* 555 F.2d 426, 437-38 (5th Cir. 1977)).

The remainder of X's Opposition to the Personal Jurisdiction Motions pushes purely legal theories. Jurisdictional Defendants will address these legal theories in their reply briefs in support of their Personal Jurisdiction Motions, so, for purposes of this Response, Jurisdictional Defendants explain only why these flawed legal theories cannot justify jurisdictional discovery.

X argues that acts by each Defendant can be imputed to the rest for jurisdictional purposes. In effect, X argues for a broad interpretation and application of "conspiracy jurisdiction," i.e., that by making a preliminary case for personal jurisdiction against the other Defendants, it has made one against the Jurisdictional Defendants simply because the Jurisdictional Defendants are alleged co-conspirators. Disc. Brief at 4. This is incorrect. As this Court recently held, the "acts of WFA's alleged co-conspirators in furthering the alleged GARM conspiracy cannot be used to establish personal jurisdiction over WFA." *See Rumble*, 2025 WL 2345076, at *11. Thus, broad discovery into the unalleged (or otherwise conclusory alleged) acts of separate entities is not proper jurisdictional discovery.

---

[4] *See* Opp. to Personal Jurisdiction Motions. at 5. WFA does not agree that X *alleged* anything with regard to Kimberly-Clark in its *SAC*, such that any "reasonable inferences" X asks the Court to make about Kimberly-Clark are improper. Nevertheless, the brand-new assertions about Kimberly-Clark are legally irrelevant to the Court's analysis.

X next argues that the Jurisdictional Defendants are wrong in arguing they must "transact business" in the Northern District of Texas specifically to be subject to the Clayton Act's nationwide service of process provision, and so instead the focus is solely on national contacts. Disc. Brief at 4. This Court rejected this exact argument in the *Rumble* case and should do the same here. *Rumble*, 2025 WL 2345076 at *9, 12 (holding that "Section 12 of the Clayton Act only authorizes nationwide personal jurisdiction if the statute's special venue provision is satisfied" and "Section 12 of the Clayton Act does not provide venue because no Defendant transacts business in this District"). Jurisdictional discovery premised on whether a Jurisdictional Defendant "transacts business" in the *United States* (as opposed to Texas) is inappropriate.[5]

In the alternative, X argues that Fed. R. Civ. P. 4(k)(2) establishes personal jurisdiction over Nestlé S.A., LEGO A/S, and SBI, while the Texas long-arm statute establishes personal jurisdiction over WFA. Disc. Brief at 4. The merits (or lack thereof) of this argument will be addressed in the reply briefs in support of the Personal Jurisdiction Motion. For now, it should suffice that this argument is irrelevant to discovery, as X has done no better a job demonstrating why discovery is needed to establish national contacts for these Defendants than it has for Texas contacts.

Separately, as it relates to jurisdiction over WFA under the Texas Long-Arm Statute, X argues it has pled "sufficient suit-specific contacts based on its own overt, conspiratorial acts within the United States." Disc. Brief at 4. However, as X affirmatively acknowledged in the SAC, these alleged "acts within the United States" did <u>not</u> occur in this District or Texas. *See* SAC ¶ 38 (describing acts in New York). Rather, the only "overt, conspiratorial act[] within this District"

---

[5] Consequently, any suggestion that WFA's connection to *New York* supports jurisdictional discovery for X to prove personal jurisdiction in this forum also falls flat. WFA's alleged New York connection does not support jurisdiction in this Court under the Clayton Act or Rule 4(k)(2).

that X argues, but does not allege in its SAC, is the mere presence of Kimberly-Clark in this District, which is legally immaterial with respect to the jurisdictional analysis. Disc. Brief at 4. Although Kimberly-Clark was not raised in the related *Rumble* case, the Court's opinion there did explain why X's new theory (based on unpled allegations) is legally irrelevant here. *Rumble*, 2025 WL 2345076, at *9-10 (citing to Rumble's allegations about WFA's contacts with Texas, which are near-identical to X's allegations, as demonstrating how none of WFA's contacts are with Texas), *10-11 (explaining how Rumble could not rely on allegations referencing co-defendants, GARM members, or altogether separate entities to justify jurisdiction over WFA).

## II.    X Fails to Show How Jurisdictional Discovery Would Support Personal Jurisdiction.

### A.    X Does Not Identify Any Relevant Factual Disputes That Jurisdictional Discovery Could Resolve.

On a motion for jurisdictional discovery, plaintiff bears the burden to "identify the discovery needed, the facts expected to be obtained thereby, and how such information would support personal jurisdiction." *Evergreen Media Holdings, LLC v. Safran Co*., 68 F. Supp. 3d 664, 672 (S.D. Tex. 2014). Jurisdictional discovery should be denied where "the movant fails to specify what facts it believes discovery would uncover and how those facts would support personal jurisdiction." *Id*. Those facts cannot be "largely the same allegations [as] in its Amended Complaint." *Rumble*, 2025 WL 2345076, at *12.

Rather than identify specific facts it hopes to obtain, X argues that it "has a right to test the factual assertions on which the Jurisdictional Defendants rely," Disc. Brief at 4, without indicating which assertions it even disputes or hopes to disprove. At the same time, in its Opposition to the Personal Jurisdiction Motions, X emphasizes how Jurisdictional Defendants "d[id] not controvert

the [SAC's] well-pleaded allegations." Opp. to Personal Jurisdiction Motions at 4-5.[6] Instead of

identifying any facts that are legally material to personal jurisdiction, X just hopes that discovery

will "shed light on (a) which members of [SBI's, LEGO A/S's, or Nestlé S.A.'s] corporate families

were the ones working with WFA/GARM to effect the boycott against X and (b) their intentional

targeting of X in the United States, both topics that would buttress the case for personal jurisdiction

over those involved in the conspiracy." Disc. Brief at 8. This explanation is not "aimed at

determining whether [the Jurisdictional Defendants have] the requisite contacts . . . to sustain

personal jurisdiction." *DDC Tech., LLC v. Structural Graphics, LLC*, 2022 WL 17813705, at *7

(N.D. Tex. Dec. 19, 2022) (Boyle, J.).

It is unclear how X's proposed discovery into SBI's, LEGO A/S's, or Nestlé S.A.'s

subsidiaries or affiliates would "buttress the case for personal jurisdiction" against SBI, LEGO

A/S, or Nestlé S.A. Disc. Brief at 8. If some other "members of the [SBI's, LEGO A/S's, or Nestlé

S.A.'s] corporate families" had sufficient minimum contacts to establish personal jurisdiction, it

still would not help establish personal jurisdiction over the SBI, LEGO A/S., or Nestlé S.A. *Id.*;

*see also Am. Pats. LLC v. Mediatek, Inc.*, 2019 WL 13150016, at *2 (W.D. Tex. Sept. 20, 2019)

("Despite Lenovo's attempt to reframe the argument, the Court clearly did not authorize a 'fishing

expedition' to determine the correct Lenovo entity to sue, but rather limited the jurisdictional

discovery to determining whether the named Lenovo entities perform any infringing action.").

Jurisdictional discovery is plainly not a proper tool for a plaintiff to investigate "who the infringer

was within the broader corporate family." *DDC Tech., LLC*, 2022 WL 17813705, *7. Such efforts

---

[6] As just one example, X stresses how WFA, within its Personal Jurisdiction Motion, does not "deny" or "controvert" any of X's allegations in the SAC—even the unpled "allegation" regarding Kimberly-Clark. Opp. to Personal Jurisdiction Motions at 5. X thus concedes in its Opposition that there are no factual disputes and that the only issues before the Court are purely legal ones.

are not "aimed to produce facts relevant to personal jurisdiction[,]" but are rather a "fishing expedition" that is not permitted against defendants who lack minimum contacts with the United States. *Id*.

**B.    X Does Not Have the Purported Right To "Test" The Jurisdictional Defendants' Declarations.**

X is not entitled to depose the Jurisdictional Defendants' declarants in order to "test" their declarations. Disc. Brief at 4. In the first place, X has not identified any factual disputes with the contents of the declarations and "discovery on matters of personal jurisdiction . . . need not be permitted unless the motion to dismiss raises issues of fact." *Kelly*, 213 F.3d at 855 (affirming the district court's dismissal of defendants without jurisdictional discovery).

The sole case cited by X in support of its purported right to "test" is out-of-circuit and distinguishable. *In re Gasoline Spot Litig.*, 2020 WL 7431843 (N.D. Cal. Dec. 18, 2020). The court in *Gasoline Spot* held that jurisdictional discovery was warranted to "test" the defendant's declaration only because the declarant was not an employee of the defendant, and the declaration gave no basis for his knowledge. *Id*. at *8. In other words, the issues in *Gasoline Spots* involved the *declarant's* foundation, not the *declaration's* actual statements. By contrast, the Jurisdictional Defendants' declarants each specifies the source of their knowledge for every relevant claim, and X takes no issue with the declarants' foundations for their statements.

**1.    X is not entitled to obtain discovery merely because the Jurisdictional Defendants have complex corporate structures.[7]**

X is not entitled to conduct jurisdictional discovery into SBI, LEGO A/S., and Nestlé S.A. simply because X does not understand these defendants' corporate structures or which of their subsidiaries or affiliates, if any, were involved in the alleged conspiracy. Such discovery is

---

[7] Parts 2.1–2.2 of X's Disc. Brief focus on the SBI, LEGO A/S, and Nestlé S.A., not WFA.

unnecessary because X is already suing at least one subsidiary or affiliate of SBI, LEGO A/S., and Nestlé S.A. and is afforded permissible avenues for conducting proper discovery to obtain information from them. *See also DDC Tech.,* 2022 WL 17813705, at *7 (jurisdictional discovery is not a proper tool for a plaintiff to find out "who the infringer was within the broader corporate family").[8]

Though X cites a flurry of cases to support its position, none of them actually do. *See* Disc. Brief at 7-8. In fact, one of X's cases supports Jurisdictional Defendants' position instead of X's. In *Kelly,* the Fifth Circuit upheld a district court's order "*not* allowing additional jurisdictional discovery prior to ruling there was *no* specific jurisdiction for Syria Shell," because the "declarations . . . negate[d] the possibility" of an "alter ego" relationship and plaintiffs "offer *no* basis whatsoever to support an inference that those corporate representatives' deposition testimony would contradict their sworn declarations." 213 F.3d at 855-857. The same result should issue here where X has not advanced an alter ego theory.

Two cases cited by X are not only out-of-circuit but also out-of-scope, rendering them completely irrelevant to the present case. *Roche Diagnostics Corp. v. Priority Healthcare Corp*. discusses discovery *on the merits* from defendants who did not move to dismiss for lack of personal jurisdiction. 407 F. Supp. 3d 1216, 1250 (N.D. Ala. 2019). Similarly, X's reliance on *Sirmon v. Wyndham Vacation Resorts, Inc*. is unavailing because *Sirmon* concerns an Alabama district

---

[8] In other cases involving Nestlé S.A., courts have found that jurisdictional discovery is not warranted when plaintiffs rely solely on documents containing "a non-specific reference to 'Nestlé'. . . or a reference to a different subsidiary entity." *In re Baby Food Prods. Liab. Litig.*, 2025 WL 986959, at *10 (N.D. Cal. Apr. 2, 2025); *P & L Dev., LLC v. Gerber Prods. Co.*, 715 F. Supp. 3d 435, 455,  (E.D.N.Y. 2024) (dismissing complaint and denying jurisdictional discovery of Nestlé S.A. where plaintiffs did not specify whether allegations were attributable to "Nestlé S.A., as opposed to another Nestlé S.A. corporate subsidiary or affiliate"). The same applies to LEGO A/S and SBI here.

court's denial of Rule 12(b)(6) motions, *not* Rule 12(b)(2) motions. 2012 WL 4341819, at *2 (N.D. Ala. Sept. 18, 2012). Further, the portion of the opinion X quoted is merely dicta from the court speculating about future discovery plaintiffs might seek. *Id.* at *7.

As for cases cited by X that do discuss jurisdictional discovery, they are readily distinguishable. *See Tese-Milner v. De Beers Centenary A.G.*, 613 F. Supp. 2d 404 (S.D.N.Y. 2009) (applying the *Second Circuit's* standard for jurisdictional discovery and not the Fifth Circuit's standard). In *Tese-Milner*, jurisdictional discovery was appropriate only because the plaintiff had "made a substantial start towards showing" an agency theory of jurisdiction. *Id.* at 418. X has not made an agency argument here. Moreover, the *Tese-Milner* court explained that "jurisdictional discovery [was] appropriate" because the plaintiff had "allege[d] and submit[ted] evidence that Moving Defendants have historically gone to great lengths to hide the extent of their contacts with the United States." 613 F. Supp 2d at 418. Again, no such allegations are present here. In *Doucet v. Abbott Lab'ys, Inc.*, the court did not order jurisdictional discovery because it held plaintiff had "made a prima facie showing that Abbott is subject to specific jurisdiction in Louisiana." 2025 WL 1548534, at *4 (E.D. La. May 29, 2025). X has not made a prima facie showing of jurisdiction.

### 2.    X is not entitled to obtain jurisdictional discovery merely because it is alleging an antitrust conspiracy.

X argues that jurisdictional discovery is especially warranted "when a foreign defendant is a key player in an antitrust conspiracy." Disc. Brief at 9. But X has not alleged in the SAC that Nestlé S.A., LEGO A/S, or SBI were "key player[s]" in anything, and the two out-of-circuit cases cited by X say no such thing. In *Wanachek Mink Ranch v. Alaska Brokerage Int'l*, the court granted jurisdictional discovery because defendants' declarations "do not deny contact or communication with company employees . . . or participation in the conspiracy to control prices." 2009 WL

12

1247039, at *4 (W.D. Wash. May 4, 2009). Here, X did not allege in its SAC, with any specificity, that Nestlé S.A., LEGO A/S, or SBI themselves make any advertising decisions, control the advertising decisions of their subordinates, or communicate competitively sensitive information to anyone, while each of their declarations specifically denies the same. Even the new "facts" that X raises in its Opposition to the Personal Jurisdiction Motions do nothing to suggest these defendants had any role, let alone a key role, in the alleged conspiracy.[9]

And in *In re Gasoline Spot Litig.*, the plaintiff alleged that the defendant "was itself involved in directing and overseeing the anticompetitive horizontal spot market trading activity alleged here." 2020 WL 7431843, at *8. X has not alleged with any specificity that Nestlé S.A., LEGO A/S, or SBI were involved at all in directing or overseeing any decisions to curtail ad spending on Twitter.

### C.    X's Proposed Discovery Is Impermissibly Broad.

Even if X is entitled to seek discovery, that discovery must be "limited by the requirement of relevance," meaning discovery is limited to only the disputed "issues of fact" raised in the motion to dismiss. *Wyatt v. Kaplan*, 686 F.2d 276, 284 (5th Cir. 1982); *see also Raiz Fed. Credit Union v. Rize Fed. Credit Union*, 2025 WL 492795, at *4 (W.D. Tex. Feb. 12, 2025) (restricting requests where "Plaintiff never explained why this information would be relevant to establishing personal jurisdiction," where information would "be unnecessary to determine personal jurisdiction," or where facts "are already known"). As discussed above, X has not identified any issues of fact warranting jurisdictional discovery.

---

[9] As WFA will explain in more detail in its upcoming reply brief in support of its Personal Jurisdiction Motion, X likewise fails to "specify[] what WFA," as opposed to unidentified WFA or GARM members, "did to further th[e] alleged conspiracy." *Rumble*, 2025 WL 2345076, at *11.

Here X seeks without justification extremely broad discovery into essentially merits issues. *See* Disc. Brief at 10 (seeking "[c]ommunications between and among the Jurisdictional Defendants (and any of their subsidiaries) regarding WFA/GARM *or the boycott of X*") (emphasis added). The discovery it seeks covers depositions of the employees of the Jurisdictional Defendants who made sworn declarations, as well as document requests, interrogatories, and unspecified "other inquiries." Disc. Brief at 10. And X proposes topics that are effectively limitless rather than offer the Court *any* proposed written discovery requests or Rule 30(b)(6) deposition topics.

X wrongly asserts that each proposed "topic" should apply not only to the Jurisdictional Defendants but also "any of their subsidiaries," *Id.* This further demonstrates that X would like to engage in a fishing expedition to support its far-fetched jurisdictional theories. X does not and cannot explain how the activities of the Jurisdictional Defendants' subsidiaries (globally) could possibly be relevant to Jurisdictional Defendant's contacts with Texas or the United States.

X even seeks to make an unlimited request into "[t]he business activities of the Jurisdictional Defendants (and/or any wholly owned subsidiaries) in the U.S." *Id*. This request alone would permit X to make any inquiry, about any U.S. business operation of any of these subsidiaries. X's request further demonstrates that this is clearly a "fishing expedition" with no connection to personal jurisdiction. *See Wooster Abruzzi Co. v. SPM Flow Control, Inc.,* 2013 WL 12139375, at *1 (N.D. Tex. Nov. 25, 2013) (Cummings, J.) (denying jurisdictional discovery because "[t]here is nothing in Plaintiff's discovery request that would suggest that a clearer picture of the Defendants' corporate structure would somehow create a viable cause of action against [defendant]") (alteration in original) (internal quotation omitted). In the event the Court finds that jurisdictional discovery is warranted, it should be limited only to the jurisdictionally relevant

14

activities of Jurisdictional Defendants as directed at the forum *and not* the activities of their affiliates.

### III. Even If X Has Carried Its Burden for Jurisdictional Discovery, Which It Has Not, X Must Seek Discovery from Jurisdictional Defendants Through Proper Channels.

X suggests that "the Court should make clear that it expects [the Jurisdictional Defendants] to respond promptly to discovery and to make their relevant personnel available for deposition either in the United States or remotely." Disc. Brief at 10. Discovery from Swiss (Nestlé S.A. and SBI) and Danish (LEGO A/S) defendants, however, should be sought under the applicable procedures of the Hague Convention, to which the U.S., Switzerland, and Denmark are signatories.[10] As the Fifth Circuit emphasized, "it is most important that the district court should consider, with due caution, that many foreign countries, particularly civil law countries, do not subscribe to our open-ended views regarding pre-trial discovery, and in some cases may even be offended by our pretrial procedures." *In re Anschuetz & Co., GmbH*, 838 F.2d 1362, 1364 (5th Cir. 1988). Here, where the limitless and broad nature of X's discovery requests likely implicates documents and information protected by foreign law, discovery should proceed under the Hague Convention's procedures, or any other applicable foreign procedures, in the interest of comity. *See, e.g.*, *SEC v. Stanford Int'l Bank, Ltd.*, 776 F. Supp. 2d 323 (N.D. Tex. 2011) (Godbey, J.)

---

[10] WFA is a Belgian non-profit trade association. *See, e.g.*, SAC ¶ 11. Belgium is not a signatory to the 1970 Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters. *See 20: Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters: Status Update*, Hague Conference on Private International Law, https://www.hcch.net/en/instruments/conventions/status-table/?cid=82 (last accessed, Sept, 12, 2025). WFA is thus subject to different processes altogether that govern whether jurisdictional discovery is appropriate and how it should proceed. *See generally Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co.*, 2017 WL 7512815 (S.D.N.Y. Dec. 29, 2017) (explaining, in context of discovery dispute involving a Belgian *plaintiff* resisting *merits* discovery, that the court performs a conflicts-of-laws analysis (considering the relevant at-issue discovery) first and then, if there is a conflict, a comity analysis).

(directing the Receiver in the interest of comity to pursue discovery request against Swiss entity under the Hague Convention).

## CONCLUSION

For the foregoing reasons, the Court should deny X Corp.'s Contingent Motion for Jurisdictional Discovery.

Dated: September 12, 2025

By: */s/ Anthony W. Bates*
Anthony W. Bates (Bar No. 24076904)
**SHERRILL & GIBSON, PLLC**
3711 Maplewood Avenue, Suite 200
Wichita Falls, TX 76308
Phone: (940) 264-4400
Fax: (940) 264-4401
Email: tbates@sgpllc.law

By: */s/ Carmine R. Zarlenga*
Carmine R. Zarlenga (NDTX Bar No. 386244DC)
Oral D. Pottinger (*admitted pro hac vice*)
Christina Luk (*admitted pro hac vice*)
**MAYER BROWN LLP**
1999 K Street, NW
Washington, DC 20006
Phone: (202) 263-3227
Fax: (202) 263-5227
Email: czarlenga@mayerbrown.com
        opottinger@mayerbrown.com
        cluk@mayerbown.com

*Attorneys for Defendant Nestlé S.A.*

*/s/ David C. Miller*
David C. Miller
    Texas Bar No. 24110114
    dmiller@bradley.com
William S. Snyder
    Texas Bar No. 00786250
    wsnyder@bradley.com
Samuel T. Acker
    Texas Bar No. 24100111

sacker@bradley.com
**BRADLEY ARANT BOULT CUMMINGS LLP**
Fountain Place
1445 Ross Avenue, Suite 3600
Dallas, TX 75202
Phone: (214) 257-9800
Fax: (214) 939-8787

Charles E. Elder (admitted *pro hac vice*)
   Tennessee Bar No. 038250
   celder@bradley.com
**BRADLEY ARANT BOULT CUMMINGS LLP**
1221 Broadway, Suite 2400
Nashville, TN 37203
Phone: (615) 252-3597
Fax: (615) 252-6380

*Attorneys for Defendant World Federation of Advertisers*

*/s/ Minoo Blaesche*
Minoo Blaesche
mblaesche@jw.com
JACKSON WALKER LLP
Texas Bar No. 24075102
2323 Ross Avenue, Suite 600
Dallas, TX 75201
Phone: (214) 953-6051
Fax: (214) 661-6800

Chahira Solh  (*Admitted Pro Hac Vice*)
csolh@crowell.com
CROWELL & MORING LLP
3 Park Plaza, 20th Floor
Irvine, CA 92614
Phone: (949) 798-1367

Sima Namiri-Kalantari  (*Admitted Pro Hac Vice*)
snamiri@crowell.com
CROWELL & MORING LLP
515 South Flower Street, 41st Floor
Los Angeles, CA 90071
Phone: (213) 443-5564

Kenneth Dintzer  (*Admitted Pro Hac Vice*)
kdintzer@crowell.com

CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004
Phone: (202) 624-2561

*Attorneys for LEGO A/S*

By: */s/ Layne E. Kruse*

Layne E. Kruse
State Bar No. 11742550
layne.kruse@nortonrosefulbright.com
Carlos R. Rainer
State Bar No. 24027641
carlos.rainer@nortonrosefulbright.com
**NORTON ROSE FULBRIGHT US LLP**
1550 Lamar Street, Suite 2000
Houston, Texas 77010
Telephone No.: (713) 651-5151
Facsimile No.: (713) 651-5246

Ellen Sessions
State Bar No. 00796282
ellen.sessions@nortonrosefulbright.com
**NORTON ROSE FULBRIGHT US LLP**
2200 Ross Avenue, Suite 3600
Dallas, Texas 75201
Telephone No.: (214) 855-8000
Facsimile No.: (214) 855-8200

*Attorneys for Shell Brands International AG*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 12, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

*/s/ Carmine R. Zarlenga*___
Carmine R. Zarlenga
