# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# WICHITA FALLS DIVISION

| | |
|---|---|
| X CORP., | ) |
| | ) |
| *Plaintiff,* | ) |
| v. | ) |
| | ) |
| WORLD FEDERATION OF ADVERTISERS; MARS, INCORPORATED; CVS HEALTH CORPORATION; ØRSTED A/S; NESTLÉ S.A.; NESTLE USA, INC.; ABBOTT LABORATORIES; COLGATE-PALMOLIVE COMPANY; LEGO A/S; LEGO BRAND RETAIL, INC.; PINTEREST, INC.; TYSON FOODS, INC.; SHELL PLC; SHELL USA, INC. and SHELL BRANDS INTERNATIONAL AG, | ) Civil Action No. 24-cv-00114-B |
| *Defendants.* | ) |

**DEFENDANTS MARS, INC., CVS HEALTH CORP., NESTLE USA, INC., ABBOTT LABORATORIES, COLGATE-PALMOLIVE CO., LEGO BRAND RETAIL, INC., AND PINTEREST, INC.'S RESPONSE TO PLAINTIFF X CORP.'S SUR-REPLY**

X's Sur-Reply is moot; X does not contest that it waived any right to enforce its forum selection clause ("FSC") by filing in this District in violation of the clause. *See* Dkt. 221 ("Reply") 7–8. At any rate, X misunderstands Movants' primary argument: X's Terms of Service ("Terms") are irrelevant. *See id*. at 5–7. X's suit arises from Defendants' alleged decisions *not* to advertise, in other words, *not* to enter into a contractual relationship with X. Contrary to X's assertion, the claims do not "exist only because" Defendants "agreed to the" Terms. Dkt. 229-1 ("Sur-Reply") 3. X brought only antitrust claims unconnected to any agreement between the parties; there are no breach-of-contract claims, so this case is unlike the Eleventh Circuit that case X relies on. *See Smith v. Lucent Techs., Inc.*, 2004 WL 515769 (E.D. La. Mar. 16, 2004) (cited at Sur-Reply 3).

If any agreement is relevant, it is the MSA, which purports to bind parties that advertise on X. True, the MSA asserts that advertising subjects parties to policies like the Terms.[1] But both contracts provide that the MSA controls when a party advertises on X. *See* Sur-Reply 2–3. The MSA provides that it is "the entire agreement" between the parties, so the Terms' FSC does not bind parties in a dispute arising out of advertising on X. *See Adaptive Spectrum & Signal Alignment, Inc. v. AT&T Corp.*, 774 F. Supp. 3d 837, 843 (E.D. Tex. 2025) (forum selection clause in amendment unrelated to claim did not bind parties in light of merger clause in original agreement). And the MSA, which contains a choice-of-law and arbitration provision, controls in the event of a conflict between it and the Terms. *See* Sur-Reply 1; *Coinbase, Inc. v. Suski*, 602 U.S. 143, 149–52 (2024) (acknowledging forum selection and arbitration clauses in two agreements conflicted). The Terms' FSC cannot override the MSA. The Court should transfer to the S.D.N.Y., or, in the alternative, to Dallas.

---

[1] X wrongly contends that Movants "do not deny they are bound by" the Terms. Sur-Reply 2. But Movants are bound by neither the Terms nor the MSA; Movants' briefing assumes the validity and enforceability of those agreements only for the sake of argument. *See* Reply 1, n.1, 5–7.

Dated: February 13, 2026

                By:   /s/ *Nicholas Gamse*
                      Nicholas Gamse (admitted *pro hac vice*)
                        ngamse@wc.com
                      Jonathan B. Pitt (admitted *pro hac vice*)
                        jpitt@wc.com
                      Kimberly Broecker (admitted *pro hac vice*)
                        kbroecker@wc.com
                      Williams & Connolly LLP
                      680 Maine Avenue, SW
                      Washington, D.C. 20024
                      Phone: (202) 434-5000

                      Thomas C. Riney
                        tom.riney@uwlaw.com
                        Texas Bar. No. 16935100
                      C. Jason Fenton
                        jason.fenton@uwlaw.com
                        Texas Bar No. 24087505
                      Underwood Law Firm, P.C.
                      500 S. Taylor, Suite 1200
                      Amarillo, TX 79101
                      Phone: (806) 379-5613

                      *Attorneys for CVS Health Corporation*


                      /s/ *Karen Hoffman Lent*
                      Karen Hoffman Lent (admitted *pro hac vice*)
                        karen.lent@skadden.com
                      Skadden, Arps, Slate, Meagher & Flom LLP
                      One Manhattan West
                      New York, NY 10001
                      Phone: (212) 735-3276

                      Noelle M. Reed
                        Texas Bar No. 24044211
                        noelle.reed@skadden.com
                      Skadden, Arps, Slate, Meagher & Flom LLP
                      1000 Louisiana Street, Suite 6800
                      Houston, TX 77002
                      Phone: (713) 655-5122

/s/ Ralph H. Duggins
Ralph H. Duggins
  Texas Bar No. 06183700
  rduggins@canteyhanger.com
Philip Vickers
  Texas Bar No. 24051699
  pvickers@canteyhanger.com
Kate Hancock
  Texas Bar No. 24106048
  khancock@canteyhanger.com
Cantey Hanger LLP
600 West 6th Street, Suite 300
Fort Worth, TX 76102
Phone: (817) 877-2800

*Counsel for Mars, Incorporated*


/s/ Russ Falconer
Russ Falconer
  Texas Bar No. 24069695
  RFalconer@gibsondunn.com
Scott Hvidt
  Texas Bar No. 24097864
  SHvidt@gibsondunn.com
Gibson, Dunn & Crutcher LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201-2923
Phone: (214) 698-3100

Gregg Costa
  Texas Bar No. 24028160
  GCosta@gibsondunn.com
Prerak Shah
  Texas Bar No. 24075053
  PShah@gibsondunn.com
Gibson, Dunn & Crutcher LLP
811 Main Street, Suite 3000
Houston, TX 77002-6117
Phone: (346) 718-6600

*Attorneys for Defendant Nestlé USA, Inc.*


/s/ William F. Cavanaugh, Jr.
William F. Cavanaugh, Jr. (admitted *pro hac vice*)

wfcavanaugh@pbwt.com
Christine Harper (admitted *pro hac vice*)
  charper@pbwt.com
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
Phone: (212) 336-2000

*Attorneys for Abbott Laboratories*


*/s/ Fred A. Rowley, Jr.*
Fred A. Rowley, Jr. (admitted *pro hac vice*)
  fred.rowley@wsgr.com
Wilson Sonsini Goodrich & Rosati
Professional Corporation
953 East Third Street, Suite 100
Los Angeles, CA 90013
Phone: (323) 210-2902

Jeffrey C. Bank (admitted *pro hac vice*)
  jbank@wsgr.com
Wilson Sonsini Goodrich & Rosati
Professional Corporation
1700 K Street, NW, 5th Floor
Washington, D.C. 20006
Phone: (202) 973-8800

Taylor M. Owings (admitted *pro hac vice*)
  towings@wsgr.com
Wilson Sonsini Goodrich & Rosati
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, NY 10019
Phone: (212) 999-5800

Lars L. Berg
  Texas Bar No. 00787072
  lars.berg@kellyhart.com
Kelly Hart & Hallman LLP
201 Main Street, Suite 2500
Fort Worth, TX 76102
Phone: (817) 878-3524

*Counsel for Colgate-Palmolive Company*

/s/ *Chahira Solh*
Chahira Solh (admitted *pro hac vice*)
   csolh@crowell.com
Crowell & Moring LLP
3 Park Plaza, 20th Floor
Irvine, CA 92614
Phone: (949) 798-1367

Sima Namiri-Kalantari (admitted *pro hac vice*)
   snamiri@crowell.com
Crowell & Moring LLP
515 South Flower Street, 41st Floor
Los Angeles, CA 90071
Phone: (213) 443-5564

Kenneth Dintzer (admitted *pro hac vice*)
   kdintzer@crowell.com
Crowell & Moring LLP
1001 Pennsylvania Avenue, NW
Washington, D.C. 20004
Phone: (202) 624-2561

Minoo Blaesche
   Texas Bar No. 24075102
   mblaesche@jw.com
Jackson Walker LLP
2323 Ross Avenue, Suite 600
Dallas, TX 75201
Phone: (214) 953-6051

*Attorneys for LEGO Brand Retail, Inc.*


/s/ *Brian E. Robison*
Brian E. Robison
   Texas Bar No. 00794547
   brian@brownfoxlaw.com
Michael L. Baum
   Texas Bar No. 24006815
   mbaum@brownfoxlaw.com
C. Alan Carrillo
   Texas Bar No. 24109693
   alan@brownfoxlaw.com
Farwa Zahra
   Texas Bar No. 24134610

farwa@brownfoxlaw.com
Brown Fox PLLC
8111 Preston Road, Suite 300
Dallas, TX 75225
Phone: (214) 327-5000

*Attorneys for Defendant Pinterest, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

*/s/ Nicholas Gamse*
Nicholas Gamse