IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

|  |  |
|---|---|
| X CORP., <br><br> *Plaintiff,* <br><br> v. <br><br> WORLD FEDERATION OF ADVERTISERS; MARS, INCORPORATED; CVS HEALTH CORPORATION; ØRSTED A/S; NESTLÉ S.A.; NESTLE USA, INC.; ABBOTT LABORATORIES; COLGATE-PALMOLIVE COMPANY; LEGO A/S; LEGO BRAND RETAIL, INC.; PINTEREST, INC.; TYSON FOODS, INC.; SHELL PLC; SHELL USA, INC. and SHELL BRANDS INTERNATIONAL AG, <br><br> *Defendants.* | Civil Action No. 24-cv-00114-B |

**DEFENDANTS MARS, INC., CVS HEALTH CORP., NESTLE USA, INC., ABBOTT LABORATORIES, COLGATE-PALMOLIVE CO., LEGO BRAND RETAIL, INC., AND PINTEREST, INC.'S RESPONSE TO PLAINTIFF X CORP.'S MOTION FOR LEAVE TO FILE SUBMISSION OF SUPPLEMENTAL EVIDENCE**

Plaintiff X Corp.'s ("X") motion to supplement the record with X's updated User Agreement's Terms of Service ("January 2026 User Terms")—filed more than six months after X's Opposition to Defendants' Motion to Transfer—seeks to place before the Court a document that is entirely irrelevant to any issue before the Court. The Court should deny X's motion for four independent reasons.

*First*, the January 2026 User Terms are irrelevant because they do not encompass the claims at issue. As Defendants explained previously, the Master Services Agreement ("MSA") governs advertising on the platform. *See* Defs.' Reply Br. (ECF No. 221) 5–7; Defs.' Resp. to X's Sur-Reply (ECF No. 247). In fact, the January 2026 User Terms *continue* to state that the MSA, not the User Terms, governs advertising features. *See* Pl.'s Suppl. App. (ECF No. 245) 81.[1] As with the previous version of the User Terms, the January 2026 User Terms apply only to the use of X, and X's claims are unrelated to Defendants' conduct on their user accounts. *See* Pl.'s Suppl. App. 65 ("These Terms of Service ('Terms') are part of the User Agreement[.]"); *see also* Defs.' Reply Br. 5–7.[2]

X claims that the language of the forum-selection clause in the January 2026 User Terms is more expansive. *See* Pl.'s Proposed Submission of Suppl. Evidence (ECF No. 244-1) 1. But that argument is beside the point, as both the January 2026 User Terms and the prior version expressly provide that any changes are not retroactive. *See* Pl.'s Suppl. App. 36–37 ("We may

---

[1] The January 2026 User Terms provide that: "If you use advertising features, products, or services of the Services in any way, including but not limited to self-service and managed service offerings, you agree that your use of the advertising features, products, and services as well as your advertisements are subject to the terms of our Master Services Agreement (https://ads.x.com/terms)." Pl.'s Suppl. App. 81.

[2] In any case, X does not even allege that all transfer movants "click[ed] on" or otherwise agreed to such User Terms. Specifically, X does not allege that LEGO Brand Retail, Inc. ever did so. *See* Pl.'s Proposed Submission of Suppl. Evidence (ECF No. 244-1) 2.

revise these Terms from time to time. *The changes will not be retroactive,* and the most current version of the Terms, which will always be at https://x.com/tos, will govern our relationship with you." (emphasis added)); *id.* at 75 (same); *see also* Pl.'s Opp. App. (ECF No. 198) 151 (same).

***Second***, even if the January 2026 User Terms were applicable here, they do not support X's filing of this lawsuit in the Wichita Falls Division. Although X fails to acknowledge as much in its motion to supplement the record, the January 2026 User Terms purport to require litigation in Tarrant County, which is located in the Fort Worth Division—not the Wichita Falls Division. *See* Pl.'s Suppl. App. 75 ("[A]ll disputes . . . shall be brought and must proceed exclusively in the federal or state courts located in Tarrant County, Texas[.]"). Thus, even if the January 2026 User Terms were enforceable as to Defendants (they are not), they would not bind Defendants to litigate in this venue.

Moreover, because the forum-selection clause in the January 2026 User Terms—were it applicable here—would require litigation in the Fort Worth Division, X has already waived the right to enforce its new forum-selection clause by choosing to litigate here. *See* Defs.' Reply Br. 7–8.

***Third***, the January 2026 User Terms, which X put into effect nearly a year and a half *after* it filed this suit, cannot bear upon the propriety of the venue X chose in 2024. Because the presence of a forum-selection clause alters the Section 1404(a) analysis, *see Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 63 (2013), the "threshold issue is whether a valid forum-selection clause exists," *In re Trubridge v. Hosp. Serv. Dist. No. 1 of the Par. of Lasalle*, 2026 WL 252660, at *2 (5th Cir. Jan. 30, 2026). District courts in this Circuit have held that, as here, mid-litigation changes to a forum-selection clause are irrelevant to the Section 1404(a) analysis. *See Scrum All. v. Scrum, Inc.*, 2021 WL 798310, at *3 (E.D. Tex. Feb. 26,

2021), *order clarified*, 2021 WL 1845154 (E.D. Tex. May 7, 2021) ("Because the language regarding Texas was actually incorporated into the Clause a few months after Plaintiff filed the initial complaint, the Court cannot consider the change when analyzing the Clause's enforceability."); *BlackBerry Ltd. v. Avaya Inc.*, 2017 WL 4512835, at *3 (N.D. Tex. Oct. 10, 2017) (Lynn, C.J.) (similar). Litigants are not permitted to engineer a venue transfer based on a forum-selection clause mid-case with after-the-fact amendments to their terms and conditions, as such gamesmanship is inefficient and prejudicial. *See Vertical Computer Sys., Inc. v. LG Elecs. MobileComm U.S.A., Inc.*, 2013 WL 2241947, at *3 (E.D. Tex. May 21, 2013) ("[M]otions to transfer venue are not decided on a series of changing facts, but instead should be evaluated based on the situation which existed when suit was filed."). The January 2026 User Terms and its forum-selection clause are therefore immaterial to whether the case should be transferred under Section 1404.

**Fourth**, a forum-selection clause is not enforceable if the clause is "unreasonable under the circumstances"—including when it was the product of "overreaching" or when enforcing it would contravene a strong public policy of the forum state. *See Haynsworth v. The Corp.*, 121 F.3d 956, 963 (5th Cir. 1997); *Atl. Marine Const. Co.*, 571 U.S. at 62. Here, X unilaterally embedded a new forum-selection clause in the updated January 2026 User Terms—terms that, on their face, are not retroactive. Enforcing that clause in a case brought by X in a different court than the one identified in the clause, especially one where substantial briefing has already occurred, would be unreasonable and reward X's overreaching. Allowing a company like X to require its customers to agree to a new forum-selection clause while a civil case is midstream would invite gamesmanship—a defendant dissatisfied with a plaintiff's choice of forum could impose terms with a new forum-selection clause shortly after a case was filed. And a party

3

dissatisfied with a trial court's management of the case or its pretrial rulings, or with information gathered about its potential jury pool, could adopt a new clause on the eve of trial, after years of litigation.  That risk of gamesmanship, delay, and waste of judicial resources weighs against enforcing a forum-selection clause that purports to change the forum of already-pending litigation.  *See Dominguez v. Finish Line, Inc.*, 439 F. Supp. 2d 688, 691 (W.D. Tex. 2006) (holding that it would be unreasonable to enforce the forum-selection clause); *Kirkland v. Deluxe Small Bus. Sales, Inc.*, 2016 WL 9402787, at *5 (M.D. La. July 27, 2016) (same).

      For all these reasons, the January 2026 User Terms are immaterial to the controlling issue of whether the Southern District of New York is a more convenient forum for this action.  The Court should therefore deny X's motion to supplement the record.

Dated: February 27, 2026

                By:   /s/ *Nicholas Gamse*
                     Jonathan B. Pitt (admitted *pro hac vice*)
                       jpitt@wc.com
                     Nicholas Gamse (admitted *pro hac vice*)
                       ngamse@wc.com
                     Kimberly Broecker (admitted *pro hac vice*)
                       kbroecker@wc.com
                     Williams & Connolly LLP
                     680 Maine Avenue, SW
                     Washington, D.C. 20024
                     Phone: (202) 434-5000

                     Thomas C. Riney
                       tom.riney@uwlaw.com
                       Texas Bar. No. 16935100
                     C. Jason Fenton
                       jason.fenton@uwlaw.com
                       Texas Bar No. 24087505
                     Underwood Law Firm, P.C.
                     500 S. Taylor, Suite 1200
                     Amarillo, TX 79101
                     Phone: (806) 379-5613

                     *Attorneys for CVS Health Corporation*


                     /s/ *Karen Hoffman Lent*
                     Karen Hoffman Lent (admitted *pro hac vice*)
                       karen.lent@skadden.com
                     Skadden, Arps, Slate, Meagher & Flom LLP
                     One Manhattan West
                     New York, NY 10001
                     Phone: (212) 735-3276

                     Noelle M. Reed
                       Texas Bar No. 24044211
                       noelle.reed@skadden.com
                     Skadden, Arps, Slate, Meagher & Flom LLP
                     1000 Louisiana Street, Suite 6800
                     Houston, TX 77002
                     Phone: (713) 655-5122

          */s/ Ralph H. Duggins*
          Ralph H. Duggins
            Texas Bar No. 06183700
            rduggins@canteyhanger.com
          Philip Vickers
            Texas Bar No. 24051699
            pvickers@canteyhanger.com
          Kate Hancock
            Texas Bar No. 24106048
            khancock@canteyhanger.com
          Cantey Hanger LLP
          600 West 6th Street, Suite 300
          Fort Worth, TX 76102
          Phone: (817) 877-2800

          *Counsel for Mars, Incorporated*


          */s/ Russ Falconer*
          Russ Falconer
            Texas Bar No. 24069695
            RFalconer@gibsondunn.com
          Scott Hvidt
            Texas Bar No. 24097864
            SHvidt@gibsondunn.com
          Gibson, Dunn & Crutcher LLP
          2001 Ross Avenue, Suite 2100
          Dallas, TX 75201-2923
          Phone: (214) 698-3100

          Gregg Costa
            Texas Bar No. 24028160
            GCosta@gibsondunn.com
          Prerak Shah
            Texas Bar No. 24075053
            PShah@gibsondunn.com
          Gibson, Dunn & Crutcher LLP
          811 Main Street, Suite 3000
          Houston, TX 77002-6117
          Phone: (346) 718-6600

          *Attorneys for Defendant Nestlé USA, Inc.*


          */s/ William F. Cavanaugh, Jr.*
          William F. Cavanaugh, Jr. (admitted *pro hac vice*)

    wfcavanaugh@pbwt.com
Christine Harper (admitted *pro hac vice*)
   charper@pbwt.com
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
Phone: (212) 336-2000

*Attorneys for Abbott Laboratories*


*/s/ Fred A. Rowley, Jr.*
Fred A. Rowley, Jr. (admitted *pro hac vice*)
   fred.rowley@wsgr.com
Wilson Sonsini Goodrich & Rosati
Professional Corporation
953 East Third Street, Suite 100
Los Angeles, CA 90013
Phone: (323) 210-2902

Jeffrey C. Bank (admitted *pro hac vice*)
   jbank@wsgr.com
Wilson Sonsini Goodrich & Rosati
Professional Corporation
1700 K Street, NW, 5th Floor
Washington, D.C. 20006
Phone: (202) 973-8800

Taylor M. Owings (admitted *pro hac vice*)
   towings@wsgr.com
Wilson Sonsini Goodrich & Rosati
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, NY 10019
Phone: (212) 999-5800

Lars L. Berg
   Texas Bar No. 00787072
   lars.berg@kellyhart.com
Kelly Hart & Hallman LLP
201 Main Street, Suite 2500
Fort Worth, TX 76102
Phone: (817) 878-3524

*Counsel for Colgate-Palmolive Company*

/s/ *Chahira Solh*
Chahira Solh (admitted *pro hac vice*)
  csolh@crowell.com
Crowell & Moring LLP
3 Park Plaza, 20th Floor
Irvine, CA 92614
Phone: (949) 798-1367

Sima Namiri-Kalantari (admitted *pro hac vice*)
  snamiri@crowell.com
Crowell & Moring LLP
515 South Flower Street, 41st Floor
Los Angeles, CA 90071
Phone: (213) 443-5564

Kenneth Dintzer (admitted *pro hac vice*)
  kdintzer@crowell.com
Crowell & Moring LLP
1001 Pennsylvania Avenue, NW
Washington, D.C. 20004
Phone: (202) 624-2561

Minoo Blaesche
  Texas Bar No. 24075102
  mblaesche@jw.com
Jackson Walker LLP
2323 Ross Avenue, Suite 600
Dallas, TX 75201
Phone: (214) 953-6051

*Attorneys for LEGO Brand Retail, Inc.*


/s/ *Brian E. Robison*
Brian E. Robison
  Texas Bar No. 00794547
  brian@brownfoxlaw.com
Michael L. Baum
  Texas Bar No. 24006815
  mbaum@brownfoxlaw.com
C. Alan Carrillo
  Texas Bar No. 24109693
  alan@brownfoxlaw.com
Farwa Zahra
  Texas Bar No. 24134610

farwa@brownfoxlaw.com
Brown Fox PLLC
8111 Preston Road, Suite 300
Dallas, TX 75225
Phone: (214) 327-5000

*Attorneys for Defendant Pinterest, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

*/s/ Nicholas Gamse*
Nicholas Gamse
